## DANN *vs.* NORRIS.

To constitute a title to a promissory note by endorsement, a delivery of the note by the endorser to the endorsee, or that which is equivalent to such delivery, is necessary.

The holder of a promissory note, who endorses it to an agent, merely for the purpose of enabling the latter to collect it for the former, may sustain a suit on it in his own name, and it is not necessary, for that purpose, that his endorsement should be stuck out, either before, or at the trial.

THIS was an action of assumpsit on a negotiable promissory note, brought by Amos Dann against Benjamin Norris. The note declared on, was made by the defendant ; was for the sum of two hundred and fifty-four dollars and eighty-seven cents, and payable to the order of the plaintiff, one day after date.

The defendant pleaded the general issue, and the cause

was tried before the superior court, at the term holden in December, 1855.

On trial, the plaintiff testified that the note described in the declaration, was endorsed by him before the commencement of the plaintiff's suit; that he met one Anthony York, of Lima, in the county of Livingston, state of New York, and requested him to become the endorsee and owner of said note, and the owner and holder of seven other notes of hand, all of which notes were made and executed in the state of New York; the seven last mentioned notes, being made payable to bearer, he delivered to the said York, but when and where, before the commencement of the suit did not appear; neither did it appear when the first mentioned note was endorsed, but it did appear that it was not done when they met, as before described, nor at any time when the parties were together. Said York never had said note in his possession, and never saw the same. At the time of said meeting, said York gave the plaintiff a receipt for said notes, by which he stipulated and agreed with the plaintiff, that the avails should be the plaintiffs', when collected. Subsequently, and before the commencement of this suit, the first mentioned note was put by the plaintiff into the hands of Wm. F. Taylor, Esq. of Danbury, Connecticut, for collection, with said endorsement thereon, and said endorsement continued on said note, up to the day next preceding the trial of said case. The plaintiff also testified that his motive for so endorsing said first mentioned note, and delivering it and said other notes to said York, was to divest himself of any interest therein, and thereby be enabled to testify on the trial of this case, as he supposed by the laws of this state, his testimony would not otherwise be admissible. He further testified and admitted, that after the commencement of said suit, to wit, on the 23d day of June, 1854, he gave his deposition to be used on the trial of this case, wherein, among other things, he testified as follows:—"The owner of all the notes, is Anthony York, of Lima, Livingston county, New York."

The plaintiff on the trial further testified, that, after the transfer of said notes, a correspondence ensued between Mr. York and said Wm. F. Taylor, Esq., in reference to said first mentioned note of $254.87, and that the plaintiff, wrote the letters which passed from said York to said Taylor, and that said York copied them and forwarded them to Mr. Taylor, in the name, and over the signature of said York, but said Taylor communicated directly with the plaintiff, and never with said York. One of his letters was read on the trial and was as follows:

" DEAR SIR,—I cannot consent to arbitrate with Benjamin Norris. That would be to show that I doubted my own claim. If he wants to pay it, let him, but if he compels me to sue, I shall put more with it. If he pays, you may give a receipt in full of all demands. Let me know at once whether he wants to be sued, and I will attend to every thing needful on my part."

The plaintiff further testified that he was a practising lawyer of the state of New York, and that by the laws of said state all said notes were negotiable. This was all the testimony offered, on said trial, as to the ownership and legal title to said notes. Whereupon the defendant claimed that the present action could not be sustained by the plaintiff; that the legal title to all said notes was in said York, at the commencement of the suit, and so continued, and that as to the note declared on, although if not delivered at the time, it was so endorsed to said York, and said receipt given, yet the legal title then passed; that no formal delivery was necessary, and further, that by the testimony and admissions of the plaintiff, the possession of the notes by Wm. F. Taylor, Esq., for collection, and the correspondence in reference to the same with York, made the transfer perfect, and invested said York with the legal title, and requested the court to charge the jury in conformity to the above claims of the defendant. The court did not so charge the jury, but, on this part of the case, did charge them as follows:

" That the mere writing the name of the holder on the back of the note is not sufficient to transfer the same to the endorser. The note must be delivered as well as endorsed, or something done equivalent to a delivery.

" If the plaintiff sent the note to Taylor for York, or if it was in his hands for York, or if he sent the note to him, and Taylor, with the assent of the plaintiff, informed York that he held the note for him, this would be sufficient in either case, with the endorsement, to transfer the same;" and the court left it to the jury to determine, as a question of fact, what was the character of the holding of the note by said Taylor.

The jury returned a verdict in favor of the plaintiff; the defendant moved for a new trial, and the case was reserved for the advice of this court.

*Averill*, in support of the motion.

The legal title to the note in question at the time the action was brought, was not in the plaintiff. Not only does all the evidence in the case show this, but the plaintiff himself swore to this fact, gave his reasons for putting the note out of his hands, and took a receipt from the endorser, whereby he agreed to account for the note, when collected.

An action on a promissory negotiable note can be commenced, and sustained by him alone, who has the legal title. 1 Chit. Pl., 3, 4. 1 Sw. Dig., 430. *Lee* v. *Gilson*, 9 Conn. R., 94. *Shepard* v. *Hall*, 1 Conn. R., 494.

*Ferry*, contra.

The endorsement of a note, even if accompanied by delivery, for the mere purposes of collection, does not so change the title, as to preclude the payee from maintaining a suit in his own name. If unaccompanied by delivery, it creates no change whatever.

STORRS, J. The defendant claimed on the trial, that the plaintiff had, before the suit was commenced, transferred, by his endorsement, the note declared on, to one York, and that

therefore, for the want of a legal title in himself, he could not maintain this action. We discover nothing exceptionable in the charge of the court below on this point. It stated that a delivery, or that which is equivalent, is necessary, by an endorser of a note to the endorsee, in order to constitute a transfer of the title to it by endorsement, and was in precise accordance with the principles settled in *Clark* v. *Sigourney*, (17 Conn. R., 511,) where the subject is very fully examined; and the rule by which those principles should be applied to this case was also, in our opinion, very correctly stated. Under that charge, the jury found that there had been no valid endorsement, by the plaintiff, of the note in question. The defence, of course, failed on this ground.

But we have no doubt that, under the circumstances of this case, as presented on the trial, the plaintiff would have been entitled to recover on the note, although it had been by him endorsed and delivered to York. It appeared that it was so endorsed to the latter, only for the purpose of his collecting it for the use of the plaintiff. He therefore had no real interest in the note, and held it only as the plaintiff's agent, and possession of it had been resumed by the plaintiff. The authorities are decisive, to show that an endorsement, by the holder of a note to an agent, for such a purpose, constitutes no objection to a recovery on it against the maker, in the name of the holder. The cases are not entirely uniform on the point, whether, where it appears, by the note, that it has been endorsed to another person by the payee, or an endorsee, possession of it by the latter is sufficient evidence that it was endorsed merely for the purpose of collection. But they all agree that it may be proved that it was endorsed for that purpose only, and that if such is shown to be the case, the endorser may sustain a suit on it in his own name, and that for that purpose, it is not necessary that his endorsement should be struck out, either before or at the trial. *Dugan* v. *U. States*, (3 Wheat, 182.) *Manhattan Co.* v. *Reynolds*, 2 Hill, 141. On the trial, it was proved that, if the

note was endorsed to York, it was done only for the purpose of enabling him to collect it for the plaintiff. No point therefore is here involved, on which there is any contrariety in the authorities.

We do not advise a new trial.

In this opinion, HINMAN, J., concurred, WAITE, C. J., being absent.

A new trial not to be granted.