[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 491 
The relief demanded by the plaintiff in his complaint is, in substance, that the defendant may be deprived of the benefit of the exemption of his house and lot from sale on execution, so far as relates to the plaintiff's two judgments, and to the sale of the house and lot on executions issued on those judgments, and this relief was awarded by the referee. The representations, therefore, of the defendant, as to his solvency and pecuniary ability generally, were wholly irrelevant and immaterial.
The defendant, for the purpose of inducing Sage Pancost to sell him goods, represented to them that his house and lot was unincumbered, except by a mortgage for $300 or $400, and that there was no other claim or incumbrance thereon; when, at the same time, he knew it was exempt from sale on execution, by virtue of the provisions of the act of April 10th, 1850, and the question is, was the representation false? or, in other words, did the exemption constitute a claim or incumbrance on the land? I think it did not. After the exemption was created, the defendant had the same title to and interest in the land, and the same power to dispose of it as before, and no other person acquired any rights thereby. The legal definition of the term "claim," as given by Jacobs, is "a challenge of interest in any thing that is in the possession of another, or at least, out of a man's own possession," or, as quoted by Jacobs from Plowden,
giving the definition of Chief Justice DYER, "a challenge of the ownership or property that one hath not in *Page 492 
possession, but which is detained from him by wrong." An incumbrance is a legal claim in favor of one person on the estate of another.
The representations were made by the defendant in answer to inquiries concerning his property, and it must be held that those terms were used by him with reference to their legal definition, and Sage Pancost must have understood that they were so used.
The exemption was in favor of the defendant, and of no other person, although designed for the benefit of his family as well as of himself. One cannot have a claim to, or incumbrance upon, land to which he has a complete title, including the possession; as the latter comprehends and merges the former. The exemption constituted an impediment or bar, to the right of the plaintiff to resort to the land to obtain satisfaction of his judgment, but in no sense of the terms was a claim to, or incumbrance on, the land. Had the referee found that the representations were made with the fraudulent intent of causing Sage Pancost to believe that no such exemption existed, and that they produced the effect intended, such finding would, doubtless, be sufficient to support the judgment entered upon the report; but he has simply found that the representations were made, and then has adjudged they were false by reason of the existence of the exemption. In this I think he erred, and that the Supreme Court was right in reversing the judgment entered upon his report.
But the complaint sets forth a good cause of action, as it is alleged therein, not only that the representations were made "with intent to deceive and mislead Sage Pancost, and induce them to trust him, and then that he might set up such claim of $1000, and thereby cheat and defraud them out of their demand, and prevent their enforcing the collection of the same."
That part of the judgment of the Supreme Court which dismisses the complaint should, therefore, be reversed, and *Page 493 
a new trial be ordered, with costs to abide the event. (Astor
v. L'Amoreux, 4 Seld., 107.)