## MOSS v. WARNER AND WIFE.

The wife is a proper party defendant in a suit to foreclose a mortgage executed upon premises claimed as a homestead. If not made such a party, she may intervene, or, by permission of the Court, be allowed to file a separate answer, the plaintiff having the liberty to amend his complaint if any matters are set up in the answer which he might wish to anticipate by further allegations.

The residence of the husband, with his family, upon the premises, impresses upon them the character of homestead.

The Homestead Act operates upon property acquired previous to its passage, as well as upon that subsequently acquired.

The voluntary removal of the husband, with his family, is not, of itself, evidence of abandonment of the place as a homestead; much less so a removal under apprehensions for the safety of his family.

Where a mortgage upon a homestead is executed by the husband, without the wife joining in the execution, it has no validity as a lien upon the premises to the exemption of $5000.

Where commissioners were appointed by the Court to select and set apart as the homestead a portion of the tract of land mortgaged, such portion to be of the value of $5000, in form as compact as possible, including the place where the dwelling-house is situated, and to report their action to the Court—and the commissioners, acting under oath, made the selection, and their report was approved: *Held*, that the proceeding was proper.

APPEAL from the District Court of the First Judicial District, County of San Diego.

The facts of the case sufficiently appear in the opinion of the Court.

*Scott and Kurtz* for Appellants.

*J. J. Warner*, Respondent, in person.

Cited Sargent *v.* Wilson, 5 Cal., 504; Morse *v.* McCarty, decided July Term, A. D. 1855, not reported; Taylor *v.* Hargous, 4 Cal., 268; Poole *v.* Gerrard, 6 Cal., 71.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BALDWIN, J., concurring.

This is an action for the foreclosure of a mortgage, executed by the defendant J. J. Warner, on the eleventh of November, 1854, to secure the payment of his promissory note of eleven

Moss v. Warner.

thousand dollars, made and delivered on the same day. The defence interposed is, that the premises constitute the homestead of the defendants, and that the mortgage, not being executed by the wife, was invalid to the extent of the homestead exemption. The wife, on motion, was made a party, and allowed to file a separate answer. It appeared in proof that the defendants were married in 1836, and resided upon the mortgaged premises from 1844 to November, 1851, when they were compelled to leave on account of the hostility of the Indians of the vicinity, by whom their dwelling-house was burned, and four hundred head of their stock driven away; that for the greater part of the time since 1851, Mr. Warner has been absent from his family, and Mrs. Warner has lived, with her children, in different families of her acquaintance in San Diego, having herself no permanent place of residence; and that during this period it was unsafe for her and her children to reside upon the premises in question.

Upon the proof of these facts, the Court appointed commissioners to select and set apart as the homestead, for the use of Mrs. Warner, a portion of the tract of land mortgaged, of the value of five thousand dollars, in form as compact as possible, including the place where the dwelling-house was situated, and to report their action to the Court. The commissioners, acting under oath, made the selection, and their report was approved, and no question as to its fairness is made by the appellant. The Court rendered judgment against the defendant J. J. Warner for the amount of the principal and interest of the note, and decreed a sale of the mortgaged premises, exempting from such sale that portion set apart by the commissioners as a homestead, and the application of the proceeds to the payment of the amount and execution for any deficiency against him. From this judgment and decree, the plaintiff appeals.

The wife is a proper party defendant in a suit to foreclose a mortgage executed upon premises claimed as a homestead. If not made such party, she may intervene, or, by permission of the Court, be allowed to file a separate answer, the plaintiff having the liberty to amend his complaint if any matters are set up in the answer which he might wish to anticipate by further allegations. (Sargent v. Wilson, 5 Cal., 504.)

The residence of Mr. Warner with his family, for years, upon the mortgaged premises, impressed upon them the character of homestead. The statute operates upon property acquired previous to its passage, as well as upon that subsequently acquired. (Cook v. McChristian, 4 Cal., 23.) The voluntary removal of the husband, with his family, would not, of itself, have been evidence of abandonment of the place as a homestead. This was expressly decided in Taylor v. Hargous, (4 Cal., 268.) Much less so could a removal made under very just apprehensions for the safety of his family from the existing hostilities of the Indians in the

vicinity.   The residence of the family in San Diego was merely temporary.   Their home was not there, and, of course, not their homestead.   They were merely sojourners in the city.   The mortgage never having been executed by the wife, was of no validity as a lien upon the premises to the extent of the homestead exemption of five thousand dollars.   (Homestead Act, § 1; Sargent v. Wilson, cited above.)

The proceeding to set apart from the entire premises a portion not exceeding in value the amount of the statutory exemption, was highly proper, and we think the course pursued far preferable, when it is practicable, to a sale of the entire premises, with a reservation of the amount from the proceeds.   The homestead should have been set apart, however, for the use of the defendants, and not especially for the use of the wife.   This is not objected to by the appellant, and if it were, this Court would only modify the decree in that respect.

Judgment affirmed.