THE STATE OF MISSOURI, TO THE USE OF REAGAN, Respondent, v. FRANCIS ROMER et al., Appellants.

1. *Execution — Exemption — Construction of statute.*—Under the provisions of sections 9 and 11, of chapter 160, of the General Statutes, the head of a family is entitled to hold exempt from execution one hundred dollars' worth of household goods and furniture for the convenience and comfort of the family, and three hundred dollars' worth of other property to contribute to their maintenance and support.

2. *Execution — Exemption — Officer making levy, duty of.*—It is the duty of the officer having the writ or process in his hands, to notify the debtor of his rights of exemption from levy.

3. *Practice, Civil — Pleading — Answer — Avoidance.* — Where a suit was brought against a constable for an unlawful levy under an execution, an answer which attempted to avoid liability by stating that the constable took from the plaintiffs in the execution, bonds to indemnify him against all claim or harm, was properly stricken out on motion. The bond was not authorized by law, and furnished no protection to the officer against his trespass.

*Appeal from St. Louis Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*F. & L. Gottschalk*, for appellants.

I. The second part of the answer was improperly stricken out. It stated a complete answer.

II. The proper measure of damages, in cases where no malice is alleged or exists, is the value of the property at the time of the trespass, with interest. The securities, certainly, are not responsible for anything more. (12 Mo. 313; 39 Mo. 222; 40 Mo. 97; 30 Mo. 216; 31 Mo. 571; 22 Mo. 170; 21 Mo. 289; 36 Mo. 351.)

*Stewart & Wieting*, for respondent.

This suit is based upon the law of 1865. (Gen. Stat. 1865, p. 641, ch. 160, § 9, subdivisions 1, 2, 6, and §§ 11, 12, of the same chapter.) It is here enacted that certain property shall be exempt from execution; and the constable violated the law, and made breach of his bond in not apprising him of this right before making sale of the property.

WAGNER, Judge, delivered the opinion of the court

This was an action brought on an official bond, against the defendant Romer, as constable of the first and second wards in the city of St. Louis, and his securities. The breach assigned was the seizing and selling, under attachment and execution, of Reagan's property, which was exempt from levy and sale by statute, he being at the time the head of a family.

The petition also alleged that Romer, at the time of making the seizure and levy, failed to notify Reagan and apprise him of his rights to claim and keep the exempted property, and that when Reagan found the property had been seized, he gave to Romer a written notice, claiming the same and demanding to have it appraised, but that Romer refused to accede to the request. The answer denies most of the allegations, admits the notice, and attempts to avoid liability by stating that when Romer was notified of the claim he took from each of the plaintiffs in the attachment suits a good and sufficient bond, with sureties thereon, to indemnify him against all claim or harm.

This part of the answer setting up an avoidance on account of taking bond was stricken out on motion. There was no error in this; the bond was not authorized by any provision of law, and furnished no protection to the officer against his trespass.

It appears from the evidence that all the household goods owned by Reagan were seized and sold, even to his family bible, together with a small grocery store and a one-horse wagon and horse.

The jury found that the furniture, bedding, etc., were of the value of $100, the other goods and property, $300; and they awarded him $300 as damages — making the verdict for the total

sum of $700. The plaintiff voluntarily remitted $200, and the general term modified the judgment, so as to make it for only $400, the actual value of the property taken.

Section 9, of chapter 160, of the General Statutes, exempts various articles of household goods, when owned by the head of a family, not exceeding in value one hundred dollars. Section 11 gives to each head of a family, at his election, in lieu of the property mentioned in the first and second subdivisions of section 9, any property he may select to hold exempt from execution, not exceeding in value the amount of three hundred dollars.

Section 12 makes it the duty of the officer executing process to apprise the person of his right to make the selection, and points out the mode of appraisement and proceeding when the property is claimed.

The law, then, makes express provision that the head of a family shall have one hundred dollars' worth of household goods and furniture, for the convenience and comfort of the family, and three hundred dollars' worth of other property, which may be selected in lieu of certain specified articles, to contribute to their maintenance and support. These articles are all exempt from levy, and it is the duty of the officer having the writ or process in his hands to notify the debtor of his rights. That was not done in this instance, and the officer even refused to allow the claimant to avail himself of the privileges conferred on him by law. The act of the officer was wrongful, oppressive, and contrary to the mandates of the statute, and rendered him liable to an action.

After the *remittitur* and the modification of the judgment at the general term, Reagan's judgment was for the actual value of his property, and no more; and the question of the allowance of damages was ignored, and is no longer an element to be considered in the case.

The action of the court in giving and refusing instructions seems to have been unobjectionable. The issues were fairly presented, and the judgment is for the right party and should be affirmed.

Judgment affirmed. The other judges concur.