KUNTZ vs. KINNEY and others.

GARNISHMENT.   (1) *Principal debtor may appeal, and may give notice of appeal.*
EXEMPTION.   (2) *Statutes to be liberally construed.*   (3) *Earnings of team, when exempt.*

1. Under ch. 161, Laws of 1871, in a garnishee action, the principal debtor may become a party by appearing and giving notice in writing that he claims the moneys due him from the garnishee (and mentioned in plaintiff's affidavit), as *exempt* under the statute; and after judgment adverse to him in the garnishee suit, he may make the affidavit, and give the *notice of appeal,* required by section 205, ch. 120, R. S.
2. Statutes providing for the exemption of property from sale on execution are to be *liberally construed* to promote the object of their enactment.
3. Sec. 40, ch. 134, Tay. Stats., p. 1553 (which exempts from seizure on attachment or execution, etc., " the earnings of all married persons, or persons who have to provide for the entire support of a family " in

this state, for sixty days next preceding the issuing of process against them), *held* to include within its protection all that such a person may earn within the prescribed period by the aid of his exempt *team, wagon or dray, and tackle.*

APPEAL from the Circuit Court for *Fond du Lac* County.

Garnishee proceedings were instituted against Hamilton and another in a municipal court, and it was shown that the garnishees were indebted to the principal debtor, *Kinney*, in the sum of $19.93, for six days' work of himself and team. *Kinney* appeared, and claimed in writing that the whole of said sum was exempt. The municipal judge found *Kinney's* wages for his own work to be worth $1.50 per day, making $9 for the six days, which was allowed as exempt, and found that the balance of $10.93 was not exempt from execution, and rendered judgment in favor of plaintiff for that amount. *Kinney* thereupon made the usual affidavit, and gave notice of appeal to the circuit court. Plaintiff appeared in that court only to object to its jurisdiction, for want of a notice of appeal. The remaining facts are stated in the opinion. The circuit court reversed the judgment of the municipal court; and plaintiff appealed.

*Priest & Carter*, for appellant, contended that it was incumbent upon him who pleaded exemption under the statute, to show facts bringing him within the statute; and for that reason all argument on the hypothesis that the earnings of the team were exempt fell to the ground, since there was no evidence to show that it was the debtor's only team, or that it was exempt. The true construction of the statute is, that money or credits are only exempt when it appears that they are the personal earnings of the debtor within the last sixty days. Sec. 94, ch. 134, R. S., and sec. 1, ch. 148, Laws of 1858. To the point that the circuit court had no jurisdiction of the cause, no notice of appeal having been signed by either of the defendants, and that the statute governing appeals must be strictly construed, nothing being open to inference, counsel cited *Chinnock v. Stevens*, 23 Wis., 396.

*Knowles & Babcock, contra,* argued that the only question was, whether the fruit of *Kinney's* labor and that of his team constituted his earnings. If this be so, the case of *Brown v. Hebard,* 20 Wis., 326, is decisive. The man's team may be compared to the carpenter's tools. The teamster must, as well as the carpenter, use them to make them earn anything. The entire earnings are therefore necessarily exempt

COLE, J. The objection that the circuit court did not acquire jurisdiction of the garnishee suit by the appeal which was taken, cannot prevail. The defendant in the main suit appeared in the municipal court in the garnishee proceeding, and gave notice in writing that he claimed the moneys mentioned in the plaintiff's affidavit, as exempt, because he was a married man and had to provide for the entire support of a family, and that such moneys were earnings due him from the garnishees for labor performed within sixty days. In other words, the principal debtor becomes a party to the garnishee proceeding, as he was authorized to do under ch. 161, Laws of 1871. The debtor made the affidavit, and gave the notice of appeal, required by sec. 205, ch. 120, R. S. The garnishee suit is properly entitled — the names of the parties to it being given, and the court in which the judgment was rendered ; and the notice of appeal and affidavit are in the action on the same page — the affidavit referring to "the foregoing appeal," and of course subscribed and sworn to by the debtor as one of the defendants. It seems to us that this was conforming to the requirements of the statute "with the uttermost exactness," and gave the circuit court jurisdiction of the cause on appeal.

The principal question arising in the case is one of considerable interest and importance to a large class of laborers, namely, whether the moneys garnished were exempt as the "*earnings*" of the debtor under our statute. Sec. 40, ch. 134, Tay. Stats., provides that the earnings of all married persons, or persons who have to provide for the entire

support of a family in this state, for sixty days next preceding the issuing of any process from any court of record or justice of the peace against them, shall be exempt from levy, seizure or sale upon such process; and the same shall not be liable to be garnished on attachment or other process. The debtor in this case was a married man, and had a family to support. The garnishees were indebted to him when served with process, in the sum of $19.93, for six days, work recently performed by him with his team in hauling lumber and wood. It appears that the debtor's services per day were worth without a team $1.50, while, working with his team, he could earn more than double that amount. The municipal court held that it was only the personal earnings of the debtor which were exempt, and that the balance which the team earned must be applied to the payment of debts. The circuit court reversed this judgment, holding, as we suppose, that not only the produce of the debtor's own industry was exempt, but also the earnings of his team. We fully agree with the circuit court in this construction of the statute.

We assume, as we think we have the right to, upon the facts disclosed, that the debtor had but one team, and that the debt due him by the garnishees was for work performed by him and his team in hauling lumber and wood ; in other words, that the debt was the gross earnings of the laborer and of his team, itself exempt property. For our statute, among other things, expressly exempts a yoke of oxen and one horse or mule, or, in lieu of one yoke of oxen and one horse or mule, a span of horses, or a span of mules, and the necessary food for one year's support of such stock, either provided, or growing, or both ; and also one wagon, cart or dray, including tackle for teams not exceeding fifty dollars in value. Subd. 7, sec. 32, ch. 134. And it seems to us that whatever the debtor — being a married person and having a family to support — may earn with his exempt team, wagon or dray, and tackle, may fairly be considered as constituting "*the earnings*" which are exempt

within the intent and meaning of sec. 40. Otherwise, if these earnings are to be divided, and the value of the labor of the team, wagon, etc., is held not to be exempt, it will, as remarked by the counsel for the defendants, in many cases, leave a most miserable and scanty pittance for the support of the debtor and family. For, in that view, the wear and tear of the wagon and tackle, the expense of feeding and shoeing the horses, will necessarily have to be defrayed from the personal earnings of the debtor, where he has no provisions provided or means acquired to meet these expenses. So that the exempt team, instead of being an aid to a poor man for obtaining a greater quantity of the necessaries and conveniences of life for himself and family, would be a disadvantage and diminish their means of subsistence. A construction which leads to such results we are confident is a violation of the policy and humane principles of the exemption laws, and is not to be adopted. It is a cardinal rule in the interpretation of such statutes, that they are to be liberally construed in order to promote the object of their enactment. They are intended to benefit the laboring classes, which make up a large part of our society, and to enable them the better to provide for those dependent upon them for support and maintenance. Hence it was that in *Brown v. Hebard,* 20 Wis., 326, this court held that a debtor whose business it was to inspect flour for merchants in Milwaukee, and who had to employ others to aid him in his work, might claim the net receipts or gains of his employment as "earnings," when the labor was performed within the period fixed by the statute. The case before us comes fully within the reason and principles of that decision. Here, the debtor, instead of employing other laborers to assist him in removing the wood and lumber, hauled it with his own team, which was itself exempt property; and the fruit of his labor and that of his team constitute "*earnings,*" within this statute.

*By the Court.* — The judgment of the circuit court is affirmed.