No. 9973.

THE STATE OF LOUISIANA EX REL. WILLIAM MADISON VS. E. J. BERMUDEZ, JUDGE OF THE THIRD CITY COURT OF NEW ORLEANS.

Article 246 C. P. is applicable to the City Courts of New Orleans, and when the garnishee under *fi. fa.* has confessed that he is indebted to the judgment-debtor in a sum of money, the judge is authorized to order him forthwith to pay such amount into the hands of the constable.

Where such order is made after three days from service of notice of the seizure on the judgment-debtor, who has made no opposition thereto, he cannot, under *certiorari* in this Court, have such orders annulled on the ground that the money seized was due for

wages and, therefore, exempt. He had the opportunity to raise this issue in the lower court, and, having failed to do so, the judge was not bound to raise it for him. The order was regular and authorized by the law.

APPLICATION for Certiorari.

Wm. L. Thompson for the Relator.

T. F. Maher and L. F. Bouchereau for the Respondent.

The opinion of the Court was delivered by

FENNER, J. The record shows that Catherine McGivney, having a judgment against relator, Wm. Madison, issued a fi. fa., under which, on March 25, 1887, it seized the rights, credits, etc., of the judgment-debtor in the hands of the Southern Pacific Railroad Company. The notice of seizure and interrogatories in garnishment were served on the company on March 25th, and on the same day Madison was personally served with notice of the seizure.

On March 28th, the garnishee filed its answers confessing an indebtedness to Madison in the sum of $21.35. On March 30th, the plaintiff made a motion for an order of the court directing the garnishee to pay the amount confessed to be due to the constable of the court forthwith, which order was made. On the same day the money was paid to the constable, who paid it over to the attorney of plaintiff.

Relator, thereafter, on March 31st, appeared and filed what he calls an answer to the notice of seizure served on him, setting up that the amount seized in the hands of the garnishee was wages due him as a laborer, and exempt from seizure. Upon the issue raised by this answer no further proceedings have been taken.

Relator now applies to this Court for a writ of certiorari and for a decree thereon annulling the order made by the respondent judge, directing the garnishee to pay over to the constable the debt confessed to be due.

The judge only complied with the express mandate of the law under Art. 246 C. P., which provides, with reference to garnishments under fieri facias: "In case such third person shall confess in his answers that he has property or effects in his possession belonging to defendant, or is indebted to him in any sum of money, the court shall order him forthwith to deliver up said property or to pay such sum to the sheriff," etc.

Relator had had due notice and ample time to assert his right of exemption, and it is his own fault if he has failed to do so until after the delay allowed by law has expired. C. P. 655, 657. The judge was

not bound to raise this issue for him. His proceeding was regular, and in accordance with law.

We have no case before us in which a judge has decided that a laborer's wages are subject to seizure, because no such issue has been presented except under the untimely answer of relator, on which no ruling has been made.

It is, therefore, ordered that the demand of relator be rejected, at his cost.

Bermudez, C. J., takes no part.