[No. 1689.   Decided March 22, 1895.]

PUGET SOUND DRESSED BEEF AND PACKING CO., *Plaintiff*, v. WILLIAM J. JEFFS *et al.*, *Defendants.*

HARRY M. HEATH, *Appellant*, v. C. E. GRIFFIN, *Respondent.*

EXEMPTIONS — CONSTRUCTION OF STATUTE — PROCEEDS OF INSURANCE POLICY.

The statute providing for the exemption of personal property from sale on execution is entitled, as well as the one exempting real property, to be liberally construed, so as to give effect to the object sought to be accomplished by the legislature.

Moneys paid upon an insurance policy for the destruction of household furniture are exempt from execution for a reasonable time after its destruction, when the property itself was exempt, notwithstanding the fact that the money paid for the insurance may not be exempt.

*Appeal from Superior Court, Pierce County.*

*Murray & Christian,* for appellant.

*Richard W. Jamieson,* and *C. P. Bennett,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—On December 1, 1893, the Puget Sound Dressed Beef & Packing Company recovered judgment against William J. Jeffs, James F. Myhan and Harry M. Heath, co-partners doing business under the firm name of the Rainier Market.  On March 10, 1894, the said Puget Sound Dressed Beef & Packing Company assigned said judgment to one C. E. Griffin, who thereafter caused a writ of garnishment to be issued against the Oakland Home Insurance Company, requiring it to answer as to its indebtedness to one of the judgment debtors, Harry M. Heath.  Said insurance company answered, and admitted that a loss under one of its policies issued to said Heath had occurred, and that its liability therefor was in process of adjustment. Subsequently the court found that the insurance company was indebted to said Heath in the sum of $650.50, and ordered that such sum be paid to the clerk of the court; which order was complied with by the garnishee.  Thereupon the said Heath filed in the cause a petition from which it appeared that he was a householder, and that the property which was covered by the policy upon which the liability of the insurance company arose was exempt from execution.  It further appeared from such petition that it was the intention of the petitioner to use the moneys due upon the policy of insurance in the purchase of other goods of the same character as those destroyed, and the prayer thereof was that the moneys in the hands of the clerk of the court should be paid over to him, to be used for that purpose.  To this petition the respondent, C. E. Griffin, interposed a demurrer on the ground that it did not state facts sufficient to warrant the making of the order prayed for, for the reason that the moneys

paid upon such policy of insurance were not exempt from execution. This demurrer was sustained by the court, and thereupon, on motion of said C. E. Griffin, the court ordered that the money be applied upon his judgment. From this order said Harry M. Heath has appealed to this court, and as reason for its reversal alleges that the court committed error in sustaining the demurrer to the petition.

The respondent made no claim in the lower court that it did not sufficiently appear from the petition that the property destroyed was exempt from execution, nor does he make any such claim here. His contention there was, and the only one of sufficient importance to be noticed here is, that the money paid upon the insurance policy was not exempt from execution by reason of the fact that the property, the destruction of which gave rise to the liability, was so exempt. The claim on the part of appellant was and is that such money was exempt for a sufficient time to allow it to be invested in the purchase of property to replace that which had been destroyed.

The question presented by these opposite contentions is an important one. Its determination must depend upon the construction to be given our statute (Code Proc., § 486, subd. 3) relating to the exemption of personal property from sale on execution. If such statute is to be strictly construed and exemptions thereunder confined to the articles specifically named therein, the contention of the respondent must be sustained for the reason that nowhere in the statute is there any specific provision for the exemption of money paid on account of the loss by fire of exempt property. But if it is to receive such a liberal construction as to effect the evident object of the legislature in its enactment, it will well warrant the appellant's contention.

Which of these constructions should this statute receive? Statutes exempting real property from sale on execution have received a liberal construction by nearly all the courts of this country. See *Peverly v. Sayles*, 10 N. H. 356; *Deere v. Chapman*, 25 Ill. 610 (79 Am. Dec. 350); *Connaughton v. Sands*, 32 Wis. 387; *Campbell v. Adair*, 45 Miss. 170; *Kuntz v. Kinney*, 33 Wis. 510; *Robinson v. Wiley*, 15 N. Y. 489; *Howe v. Adams*, 28 Vt. 541; *Moss v. Warner*, 10 Cal. 296; *Bevan v. Hayden*, 13 Iowa, 122; *Montague v. Richardson*, 24 Conn. 337 (63 Am. Dec. 173).

And if statutes exempting real property should be so construed, there is no good reason why those exempting personal property should not receive a liberal construction. The only reason given by those courts, which have adopted a different rule of construction of such statutes when applied to personal property, is that at common law real property was not subject to sale on execution, and was only made subject to such sale by statutory provisions, so that statutes exempting it were not in derogation of the common law and did not come within the rule of strict construction applied to statutes of that kind, while those exempting personal property were in derogation of such law for the reason that thereunder such property was subject to such sale. At one time there might have been some reason for a distinction of this kind for the reason suggested, but in modern times in this country such reason has ceased to have much force, and most of the courts now refuse to recognize it. And a very great majority of the courts of this country now liberally construe all exemption statutes without regard to the property to which they relate. Such courts say that such statutes are remedial and should receive such a construction as to give effect to the intention of the legislature. See *Car-*

*penter v. Herrington,* 25 Wend. 370, (37 Am. Dec. 239);
*Franklin v. Coffee,* 18 Tex. 413 (70 Am. Dec. 292); *Wassell v. Tunnah,* 25 Ark. 101; *Hawthorne v. Smith,* 3 Nev·
182 (93 Am. Dec. 397); *Gilman v. Williams,* 7 Wis. 329
(76 Am. Dec. 219); *Alvord v. Lent,* 23 Mich. 369; *State
v. Romer,* 44 Mo. 99; *Good v. Fogg,* 61 Ill. 449 (14 Am.
Rep. 71); *Freeman v. Carpenter,* 10 Vt. 433 (33 Am. Dec.
210).

The courts of some of the states have not adopted
this broad rule of liberal construction, but, in our
opinion, reason as well as the weight of authority is
with those that have.   We shall, therefore, apply it in
determining the rights of the parties to this appeal,
and thereunder it is our duty to look for the object
sought to be accomplished by the legislature and give
it effect even although the provisions of the statute are
not as full and specific as they should have been.

What was the evident object of the legislature in providing that household furniture should be exempt from
execution?   There can be but one answer.   It was that
the family might have something which would enable
them to maintain a home and live together therein.
This object can only be subserved by sustaining the
contention of the appellant.   If the householder is to
be protected in the use and enjoyment of his household furniture, he should be protected in taking such
steps as will enable him to replace it if lost or destroyed, and common prudence would require that he
should make some provision which would enable him
to replace it in case it was destroyed by fire, and the
usual and economical provision in that regard is to procure a policy of insurance thereon; and when such
policy is procured and money paid on account of the
destruction of the property, the object of the legislature can only be subserved by holding that such money

takes the place of the property insured, and, until a reasonable time has elapsed for its being used in replacing the destroyed property, is exempt from execution the same as the property would have been.

We have not lost sight of the argument made by the respondent to the effect that the insurance money is not the proceeds of the property destroyed, but instead thereof, is money paid upon a contract for an independent consideration, which consideration had no connection with the property.   But this course of reasoning has no substantial force when brought in contact with the intention of the legislature, which is made to appear from a liberal construction of the language used in the statute upon the subject of exemptions.   The object of the insurance, it is true, is not to protect the insured property.   It is, however, to procure the means by which such property can be replaced if destroyed, and for the purposes of the application of the exemption law the money paid thereon should be held to bear the same relation to the property destroyed as would other property which might be obtained by way of direct exchange.   The fact that the money paid for the insurance was not exempt from execution cannot affect the question.   As well might it be claimed that because money not exempt from execution was used in repairing household furniture it would thereafter not be exempt.

The exact question here presented has not often come before the courts.   From the carefully prepared briefs of counsel, and from such examination as we have been able to give the matter, we are of the opinion that the weight of authority thereon is with the contention of the appellant; especially is this true of the more recent cases upon the subject.

In the case of *Reynolds v. Haines*, 83 Iowa, 342 (49

N. W. 851, 32 Am. St. Rep. 311,) this exact question
was, after careful consideration, decided by the supreme
court of Iowa as contended for by the appellant. That
learned court cited a large number of cases in support
of its conclusions, and only mentioned one which held
directly to the contrary. The statute of that state was
substantially the same as ours, and the court concedes
that if the object of its enactment could not be consid-
ered and only the articles specifically mentioned
therein held to be exempt, a contrary conclusion would
have been compelled; but it held that the object of the
legislature was the controlling consideration, and that
the statute should be read as though apt words had
been used to express the intention of the legislature.
In the case of *Cameron v. Fay*, 55 Tex. 62, the supreme
court of that state, under a statute substantially like
ours, sustained a claim for exemption under facts sub-
stantially the same as in the case at bar. The case of
*Houghton v. Lee*, 50 Cal. 101, presented facts so nearly
like these that the holding of that court that moneys
paid upon an insurance policy were exempt may be
said to be exactly in point upon the question here pre-
sented.

Other cases could be cited where this exact question
has been decided in accordance with the contention of
the appellant, and a few could be cited to sustain the
contention of the respondent. We are best satisfied
with the reasoning of those of the former class, and
feel justified in following them. Beside the cases di-
rectly in point, there are a large number of cases the
holding of which can only be sustained by the same
course of reasoning which will sustain the contention
of the appellant in the case at bar. Thus, in the case
of *Crow v. Brown*, 81 Iowa 344 (46 N. W. 993,) it was
held that property purchased with pension money was

exempt by virtue of the provisions of the federal statute, which provided that such money should be wholly for the benefit of the pensioner.  This decision was made after a careful consideration by that learned court, and the fact that there was a dissenting opinion by one of the judges cannot be said to detract from the authority of the case.  On the contrary, the very fact that there was a division among the judges of the court would be likely to cause the case to be more carefully considered than it otherwise would have been.  In the case of *Below v. Robbins*, 76 Wis. 600 (45 N. W. 416, 20 Am. St. Rep. 89,) it was held by the supreme court of Wisconsin that a judgment for the wrongful conversion of exempt personal property was itself exempt, and it is evident that the course of reasoning which led to such a decision would fully sustain the contention of the appellant above referred to.

The cases which in principle cannot be distinguished from the one at bar, and which are in line with the contention of the appellant, are very numerous:  We shall cite only a few of them.  See *Yates Co. Nat. Bank v. Carpenter*, 119 N. Y. 550 (23 N. E. 1108, 16 Am. St. Rep. 855); *Bridgers v. Howell*, 27 S. C. 425 (3 S. E. 790); *Cone v. Lewis*, 64 Tex. 331 (53 Am. Rep. 767); *Broome v. Davis*, 87 Ga. 584 (13 S. E. 749).

In our opinion, the money paid upon the insurance policy was exempt from execution.  The judgment will be reversed and the cause remanded, with instructions to overrule the demurrer to the petition.

ANDERS, GORDON, DUNBAR and SCOTT, JJ., concur.