[No. 108. Second Appellate District.—November 21, 1905.]

GEORGIA LANGLEY, Trustee, Respondent, v. JOHN E. FINNALL, DYER LAW AND COLLECTION COMPANY, and ANNIE S. WALKER, Appellants.

EXECUTION—EXEMPT PROPERTY—LOSS BY FIRE—INSURANCE MONEY.— Where household goods and wearing apparel, exempt from execution, are lost by fire, money due therefor upon a policy of fire insurance is also exempt.

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

·The facts are stated in the opinion of the court.

Munson & Barclay, and Trusten P. Dyer, for Appellants.

John R. Layng, for Respondents.

SMITH, J.—The suit was originally brought by the plaintiff, as trustee of her mother, Mrs. Mary E. Langley, against the Glens Falls Insurance Company to recover $650, due to Mrs. Langley as beneficiary under a policy of insurance of certain household furniture and family wearing apparel belonging to her; but on affidavit of the original defendant, under section 386 of the Code of Civil Procedure, and payment of the amount claimed into court, the present defendants, who had garnisheed the amount due, were substituted in place of the original defendant. Judgment was afterward rendered against the corporation defendant and the defendant Walker, who now appeal.

It is admitted that the insured property was exempt from execution under the provisions of section 690 of the Code of Civil Procedure, and the question involved is, whether— under the circumstances of the case—the money received upon the policy of insurance is likewise exempt. On this question, the authorities of other states are somewhat conflicting, but the weight of authority seems to be for the affirmative of the question. (Freeman on Executions, sec. 235; 12 Am. & Eng. Ency. of Law, 152; *Puget Sound etc. Co.* v. *Jeffs,* 11 Wash. 466, [48 Am. St. Rep. 885, 39 Pac. 962].) This, we think, is the better opinion; and it is supported by the decision of the supreme court in *Houghton* v. *Lee,* 50 Cal. 101, where it was held, with regard to money received from insurance on the homestead and household furniture, "that the sum due from the insurance company was not subject to garnishment by a creditor of the husband"; or, as otherwise expressed, "that money due from an insurance company for indemnity for loss of the homestead residence by fire, retains the character of the premises destroyed, and is not subject to execution." (Freeman on Executions, sec. 235, *ad fin.*) It is true, as pointed out by the appellants' counsel, that no distinction was made in the case cited by counsel, or by the court, between the money due for the loss of the building and that due for the loss of the furniture; and hence, it is claimed the case is not a direct authority for the position that the same rule will apply to the case where the property insured was exempt furniture; and this we are inclined to concede; or, rather, we think it probable the court regarded the furniture as merely an ac-

cessory to the homestead. (Freeman on Executions, sec. 236, *ad fin.*) But no distinction in principle can be made between the proceeds of the sale of the homestead and those of other exempt property, and the decision must, herefore, be held to apply to the case before us. The principle of the decision seems to be—at least in the case where the conversion of exempt property is *in invitum*—that the conversion of the property does not affect its status. There may be, indeed, some qualifications to the principle thus· established; such, e. g., as that the principle will apply only where the proceeds of the sale remain distinguishable; or even that it may not apply where the intention is manifestly not to reconvert the money into exempt property. But these questions are not involved in the present case.

The judgment is affirmed.

Allen, J., and Gray, P. J., concurred.