[No. 7422. Decided January 4, 1909.]

UNITED STATES FIDELITY & GUARANTY COMPANY, *Respondent*, AARON HOLLENSHEAD, *Appellant*, O. M. LEE, *Defendant*, FIRST NATIONAL BANK OF RITZVILLE, *Garnishee Defendant*.[1]

EXEMPTIONS—WAIVER—TIME FOR CLAIMING—GARNISHMENT. A claim of a personal property exemption from moneys garnished to satisfy a judgment must be made within a reasonable time, in the absence of statutory limitation, and is waived where the debtor had notice of the issuance of the execution and garnishment and made no answer to the garnishment, nor any claim to the exemption until after trial in the garnishment proceedings and announcement of the judgment against the garnishee; since Bal. Code, § 5410, makes it the duty of the defendant to controvert the answer of the garnishee by setting up his every claim or demand, and a full disclosure is the burden upon him who claims as exempt, property levied upon or attached.

DUNBAR, J., dissents.

Appeal from a judgment of the superior court for Adams county, Zent, J., entered December 23, 1907, directing the payment of money in the registry of the court to a judgment creditor, upón disallowing a claim for exemptions. Affirmed.

*O. R. Holcomb*, for appellant.

·*Danson & Williams*, for respondent.

[1]Reported in 98 Pac. 749.

CHADWICK, J.—From an order directing payment of money, claimed to be exempt, in satisfaction of a judgment, defendant appeals. After trial on the merits, judgment was entered for plaintiff and against defendant, in a suit to recover money upon contract. On the same day and after the trial on the merits, judgment for the sum of $589.41 was entered against the First National Bank of Ritzville, Washington, in a garnishment proceeding ancillary to the main action. Defendants and the garnishee defendant were represented by the same attorney in all proceedings prior to the rendition of the judgment. The trials being concluded on the 7th day of June, the court announced its judgment in each case, but they were not formally entered until the 10th day of June, 1907. On the day prior to the formal entry of the judgments, defendant Hollenshead made and filed a claim for exemptions, in the following form:

"State of Washington, County of Adams, ss.

"I Aaron Hollenshead, one of the above named defendants, being first duly sworn, on oath do depose and say that the judgment in the above entitled action was obtained against myself, as one of the defendants, in the sum of $——, on this 7th day of June, 1907, that I am a householder, residing in the town of Ritzville, Adams County, Washington, that the family consists of myself and wife, that I am possessed of household goods, utensils and furniture, not equal in value to the sum of $500; that the same are exempt from attachment and execution, that I am entitled to an exemption, under the statute, to a further exemption in the sum of $250 coin, in value; that the above named plaintiffs have recovered judgment against the First National ' Bank of Ritzville, Washington, garnishee defendant, in the sum of $589.41, in the above entitled action, that I am entitled to the sum of $250 in lieu of cows, calves, swine, bees, fowls, and feed therefor, which I do not own or possess, out of the moneys which the said First National Bank of Ritzville now have in their possession and from which the said judgment stands against."

Execution having issued, the garnishee defendant paid the amount found to be due from it to appellant into the

registry of the court, and thereafter upon motion the court ordered the money paid over to plaintiff in satisfaction of its judgment.   Upon these proceedings defendant predicates error, and insists that, under the liberal rules adopted by this court in construing exemption statutes, the money should have been paid over to him as exempt.   However, we believe that the rule relied upon by appellant cannot be invoked until a claim has been made at the proper time and in a proper manner.

The law is solicitous for the welfare of the debtor, but it also recognizes the rights of the creditor to fully satisfy his judgment out of the property of the debtor that is not exempt from execution.   The right to claim property in lieu of other property specifically exempted by statute is a privilege, and will be waived unless asserted at the time and in the manner expressly or impliedly required by the law. 12 Am. & Eng. Ency. Law (2d ed.), 198.   To the end that this privilege may be preserved, the legislature has provided a method whereby the rights of the debtor may be fully protected and at the same time insures to the creditor a complete uncovering of the debtor's property, that he may know whereof he may take to satisfy his demand.   Bal. Code, § 5255 (P. C. § 848).   While in garnishment proceedings this method could not be held to be exclusive, yet if the debtor adopts it, nothing short of substantial compliance will avail.   Exemption statutes have been passed in aid of the debtor who is willing to demonstrate his sincerity and good faith, and it would be manifestly wrong for a court, under the rule of liberal construction, to permit him to use the law to shield his exempt property and at the same time cover up that which should be forthcoming to satisfy the debt.   A full disclosure is the burden put upon him who would claim as exempt property levied upon or attached under due process.   Waples, Hd. & Ex., p. 776.

The claim relied upon in this case in no way met the intent and spirit of the law.   Appellant, after the issuance

of execution, made claims that were probably sufficient in form, thus raising the question whether they were seasonably made. The statute of this state makes no suggestion of the proper time to claim exemptions when exempt property is made the subject of garnishment. In the absence of a statute, this court has held the rule to be that the claim of personal exemption shall be made within a reasonable time, and·said that a claim made at any time before sale comes within the rule. This rule cannot be held to apply here, for there is no sale. On the contrary, the effect of a judgment is to put the parties in the same position they would be in had the sheriff made a sale of personal property and paid the proceeds into the registry of the court to be applied in satisfaction of the judgment. A garnishment is a proceeding *in rem*. The property is *in custodia legis*. To obtain the property, and not a personal judgment against the garnishee defendant, is the primary object sought to be attained; and where the defendant has notice, as he had in this case, he should be bound to avail himself of the privilege of answering and setting up his every claim or demand, (Bal. Code, §5410; P. C. §563), to the end that the court shall not render an improvident judgment.

In the case of *New Mexico Nat. Bank v. Brooks,* 9 N. M. 113, 49 Pac. 947, upon facts almost identical with the showing in this case, the court said, speaking of the defendant, that

"He had full notice of the garnishment proceedings, and procured his counsel to prepare and draw the answer for the garnishee, and refused to assert his exemption claim, and then for more than three months after the final judgment against the garnishee, neglected to make any claim of his privilege of exemption. We are of opinion that the principle is well established upon reason and authority that, under statutes similar to our own, a final judgment in favor of the plaintiff and against the garnishee, after notice to the defendant of the garnishment proceeding, in whatsoever way obtained by him, and his failure, neglect, or refusal to

assert his personal privilege of the right of exemption seasonably is *res adjudicata.*"

It may be added that the statutes of New Mexico, like our own, do not require any service upon or notice to the principal defendant of the garnishment proceeding. The rule that the principal defendant is bound to act before judgment is entered, if he has notice, is further sustained by the following authorities: Waples, Attachments, 737; 18 Cyc. 1476; *Randolph v. Little,* 62 Ala. 396; *State ex rel. Madison v. Judge,* 39 La. Ann. 622.

While we do not wish to be understood as holding that a claim for exemption would be lost where judgment is rendered without notice, yet it is the policy of the law to discourage, rather than encourage, litigation, and when actual notice comes to the debtor, he must act promptly and in a proper way or forfeit the favor of the law.

The judgment of the lower court is affirmed.

HADLEY, C. J., RUDKIN, FULLERTON, CROW, and MOUNT, JJ., concur.

DUNBAR, J., dissents.