[No. 13244½.  Department One.  September 15, 1916.]

FRANK SHELL, *Respondent*, v. W. R. SVENNSON, *Appellant*.[1]

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS.  In an action to recover the value of property, exempt to plaintiff as a householder and farmer, error in instructions authorizing a verdict for plaintiff if the jury found he was a householder is harmless where it was undisputed that he was also a farmer.

EXEMPTIONS—WAIVER—TIME FOR FILING CLAIM.  A claim for exemptions from execution is not waived by a request to postpone the sale in the hope of paying the judgment, when the claim was filed as required by statute within a reasonable time before sale.

SAME—CLAIM—FILING—RELEASE OF PROPERTY.  Upon filing a claim for exemptions from execution due to a householder and farmer, it is the duty of the sheriff to release the property where no appraisement was demanded, as provided in Rem. 1915 Code, § 573.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE.  A new trial should not be granted for newly discovered evidence that is merely cumulative.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered June 10, 1915, upon the verdict of a jury rendered in favor of the plaintiff, in an action to recover the value of property sold under execution. Affirmed.

*Louis A. Merrick* and *Eugene H. Beebe*, for appellant.

*E. C. Dailey*, for respondent.

MOUNT, J.—This action was brought to recover the value of two cows and their calves and a wagon, claimed by the plaintiff as exempt from execution, which property was sold under execution and purchased by the defendant.  The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff for $200.  The defendant has appealed.

The facts are as follows:  On the 29th of January, 1914, Mr. Svennson obtained a judgment against Frank Shell for

[1]Reported in 159 Pac. 1076.

$106.28. On February 24, 1914, an execution was issued upon that judgment, and the sheriff of Snohomish county levied upon the property in question, and other property belonging to Mr. Shell. At the time of the levy, the sheriff left the property in the possession of Mr. Shell, who asked the sheriff at that time not to notice the property for sale for a few days, when he thought he might be able to pay the judgment. Afterwards the sheriff noticed the property for sale. After notice and before the sale, Mr. Shell made an affidavit, as required by Rem. 1915 Code, § 572, stating that he was a householder, the head of a family, and a farmer, and claiming two cows and their calves and the wagon as exempt under the statute. This affidavit was filed with the sheriff. No demand was made for an appraisement, and no appraisement was had, but the sheriff proceeded on the 3d day of April, 1914, to sell the property. The plaintiff in that action, Svennson, purchased the property. Afterwards this action was brought to recover the value of the property as exempt, and resulted in the judgment above stated.

The court instructed the jury to the effect that, if they found that, at the time of the levy of the execution, the plaintiff was living in Snohomish county with his wife and children, then he was a householder and entitled to his exemption. It is argued that this was error because the jury might have found that he was a resident of the county and a householder, and not a farmer. While this instruction was not technically correct, it was clearly understood, we think, by all the parties, that it was necessary for the jury to find that the plaintiff was a householder and a farmer, before he would be entitled to his exemption of the two cows and their calves *and the wagon*, as provided for in § 563 of Rem. 1915 Code.

There was no dispute that the plaintiff was a married man, living in Snohomish county with his wife and children, and was a farmer at the time of the levy of the execution. So it is apparent that whatever error there was in this instruction was entirely harmless, because the court might readily have

told the jury that it was not disputed that the plaintiff was a farmer at that time.

The court in another instruction told the jury to disregard a conversation which took place between the sheriff and the plaintiff at the time of the levy of the execution. This is alleged as error. It is contended by the appellant that the statements made by the plaintiff in this case to the sheriff at the time the levy was made amounted to a waiver of the right to claim the exemption. It is not claimed that there was any express waiver by the plaintiff at the time of the levy of the execution upon his property, as required by Rem. 1915 Code, § 571, and we think there is no inference of that kind to be drawn from the statements then made. The plaintiff then told the sheriff to postpone the sale for a time because he thought he might be able to pay the judgment. There was evidently in his mind at that time no idea of waiving his right to claim the exemption. Afterwards he filed the claim for the property as exempt as required by the statute. This court has held that a claim for exempt property may be made within a reasonable time before sale. *State ex rel. Hill v. Gardner,* 32 Wash. 550, 73 Pac. 690, 98 Am. St. 858; *Messenger v. Murphy,* 33 Wash. 353, 74 Pac. 480.

We have no doubt, under the facts in this case, that it was the duty of the sheriff, on the filing of this claim, to release the property in case no demand was made for an appraisement, as provided for by Rem. 1915 Code, § 573. The evidence which was stricken was clearly not competent to show a waiver, and there was no error in taking it from the consideration of the jury.

It is next claimed that the court erred in denying the motion for a new trial. This motion was based upon newly discovered evidence. But this evidence was simply cumulative, and the trial court so concluded, and denied the motion. We think there was no error in this.

The judgment is affirmed.

ELLIS, FULLERTON, and CHADWICK, JJ., concur.