[No. 25163. Department One. January 9, 1935.]

CORA ARBOGAST, *Appellant,* v. EDWIN S. LINZ *et al.,* *Respondents.*[1]

[1]Reported in 39 P. (2d) 615.

316

*M. H. Van Nuys*, for appellant.

*Henry M. Kaye*, for respondents.

MILLARD, J.—On June 20, 1933, plaintiff commenced an action for recovery of house rental of three hundred and twenty dollars from defendants. On the same date, the plaintiff caused a writ of attachment to issue, under which the sheriff seized defendants' baby grand piano and bench. On January 23, 1934 (seven months subsequently), pursuant to statute (Rem. Rev. Stat., § 572 [P. C. § 7859]), defendants filed with the sheriff a list of the personal property owned by them and claimed the piano and bench as exempt under the two hundred and fifty dollars lieu proviso of subdivision 4, Rem. Rev. Stat., § 563 [P. C. § 7851]. Trial of the cause on the merits to the court was commenced January 25, 1934 (two days after defendants made claim of exemption), and resulted in findings of fact, conclusions of law and judgment in favor of the plaintiff for the amount alleged to be due. However, the court concluded, and rendered judgment accordingly, that defendants' claim of exemption of the piano and bench "from said attachment was duly made and filed within the time allowed by law." Plaintiff appealed.

 Counsel for appellant contends that the court erred in adjudging that the respondents' claim of exemption from the attachment was "duly made and filed within the time allowed by law."

No time is specified in the statute when the claim for exemption shall be made. While the respondents did not file their claim of exemption until seven months after the property was seized by the sheriff, they did make claim of exemption prior to the trial of the action out of which the attachment arose. The claim was made before designation of time for the sale of the attached property.

The authorities are not in harmony on the question of the time in which the claim for exemption must be made, in the absence of express statutory provision as to the time when the claim for exemption shall be made.

The statutes sometimes expressly provide that a claim for exemption, when necessary, must be made within a specified time after levy or notice of execution, or within a reasonable time thereafter, or at any time before sale, and such provisions must be complied with. In the absence of express provision, it has been variously held that claim must be made at the time of the levy if the debtor is present, that it must be made within a reasonable time, or promptly, or before the creditor has taken any step involving further costs, or before advertisement of sale, or at any time before sale, or within a reasonable time before sale, or before the sale has commenced; but as to the last, there is contrary authority. 25 C. J. 133, § 235. See, also, 11 R. C. L. 548, § 67.

In *Puget Sound, etc., Packing Co. v. Jeffs*, 11 Wash. 466, 39 Pac. 962, 48 Am. St. 885, 27 L. R. A. 808, we held that the statute providing for the exemption of personal property from sale on execution is entitled, as well as the one exempting real property, to be liberally construed. We said:

"The question presented by these opposite contentions is an important one. Its determination must depend upon the construction to be given our statute (Code Proc., § 486, subd. 3) relating to the exemption of personal property from sale on execution. If such statute is to be strictly construed and exemptions thereunder confined to the articles specifically named therein, the contention of the respondent must be sustained for the reason that nowhere in the statute is there any specific provision for the exemption of money paid on account of the loss by fire of exempt property. But if it is to receive such a liberal con-

struction as to effect the evident object of the legislature in its enactment, it will well warrant the appellant's contention.

"Which of these constructions should this statute receive? Statutes exempting real property from sale on execution have received a liberal construction by nearly all the courts of this county. See *Peverly v. Sayles*, 10 N. H. 356; *Deere v. Chapman*, 25 Ill. 610 (79 Am. Dec. 350); *Connaughton v. Sands*, 32 Wis. 387; *Campbell v. Adair*, 45 Miss. 170; *Kuntz v. Kinney*, 33 Wis. 510; *Robinson v. Wiley*, 15 N. Y. 489; *Howe v. Adams*, 28 Vt. 541; *Moss v. Warner*, 10 Cal. 296; *Bevan v. Hayden*, 13 Iowa 122; *Montague v. Richardson*, 24 Conn. 337 (63 Am. Dec. 173).

"And if statutes exempting real property should be so construed, there is no good reason why those exempting personal property should not receive a liberal construction. The only reason given by those courts, which have adopted a different rule of construction of such statutes when applied to personal property, is that at common law real property was not subject to sale on execution, and was only made subject to such sale by statutory provisions, so that statutes exempting it were not in derogation of the common law and did not come within the rule of strict construction applied to statutes of that kind, while those exempting personal property were in derogation of such law for the reason that thereunder such property was subject to such sale. At one time there might have been some reason for a distinction of this kind for the reason suggested, but in modern times in this country such reason has ceased to have much force, and most of the courts now refuse to recognize it. And a very great majority of the courts of this country now liberally construe all exemption statutes without regard to the property to which they relate. Such courts say that such statutes are remedial and should receive such a construction as to give effect to the intention of the legislature."

The rule applicable to exemptions of personal property should be similar to the rule as to claiming homestead exemptions. We so stated, as follows, more than

thirty years ago in *State ex rel. Hill v. Gardner,* 32 Wash. 550, 73 Pac. 690, 98 Am. St. 858:

"It is next urged that the relator waived his claim to exemption by reason of appearing and moving to dissolve the attachment without first making claim for the exemption. No time is specified in the statute when the claim for exemption shall be made. In *Wiss v. Stewart,* 16 Wash. 376 (47 Pac. 736), this court held that, even under the law of 1895, requiring a formal record declaration of homestead, the same may be selected at any time before sale, saying:

" 'The latter act in no way affects the provision in relation to the time of making the selection, but simply undertakes to direct the manner of such selection, and the provision that such homestead may be selected at any time before sale is still in effect.'

"By analogy we think a similar rule should apply to exemptions of personal property, and that the claim may be made within any reasonable time before sale. This seems to be a wholesome rule for the protection of the family. Circumstances might arise where the actual seizure of the property might not be known until near the time of sale. When there has been no express waiver, and no conduct that must lead to the conclusion that a waiver was intended, the right may be exercised at any time before sale."

See, also, *Shell v. Svennson,* 93 Wash. 40, 159 Pac. 1076.

Appellant insists that the right of a debtor to claim exemption "within any reasonable time before sale" does not entitle the debtor to claim his exemption "at any time before sale." The appellant argues that the following language in *United States Fidelity & Guaranty Co. v. Hollenshead,* 51 Wash. 326, 98 Pac. 749, is dictum and is inaccurate:

"In the absence of a statute, this court has held the rule to be that the claim of personal exemption shall be made within a reasonable time, and said that a claim made at any time before sale comes within the rule."

Conceding that it is an inaccurate statement, and granting that the language constitutes dictum, that child of the brain of a late chief justice of this court is expressive of the spirit that has in the past characterized, and should continue to characterize, this court's interpretations of the exemption statutes. Our exemption law is based upon considerations of sound public policy. It was designed for the benefit of the debtor and his family. The entire statute upon the subject should be considered and liberally construed.

There being no time specified in the statute when the claim for exemption shall be made, the claim of personal exemption shall be made within a reasonable time. Considering the entire statute upon the subject, we find a legislative declaration as to what constitutes a reasonable time within which to claim homestead exemptions. There is no good reason why a different rule should apply to exemptions of personal property. A claim made *at any time before sale* comes within the rule that the claim of personal exemption shall be made within a reasonable time. See *Rice v. Nolan,* 33 Kan. 28, 5 Pac. 437.

The judgment is affirmed.

BEALS, C. J., MAIN, TOLMAN, and GERAGHTY, JJ., concur.