[No. 4649.   Decided December 7, 1903.]

M. E. MESSENGER, *Respondent*, v. THOS. W. MURPHY, et al., *Appellant*.[1]

ATTORNEY AND CLIENT—EMPLOYMENT BY ADVERSE PARTIES. An attorney should not be excluded from appearing in behalf of the plaintiff in an action for damages for the taking of exempt personal property under an attachment sued out by defendant, by reason of having previously represented the defendant, when it appears that he had simply been consulted as defendant's general counsel with reference to the collection of the original account, and was not employed in the attachment suit subsequently brought to collect it, and it does not appear that any facts were disclosed which he could use prejudicially to defendant's rights.

CONVERSION—WRONGFUL ATTACHMENT—SEIZURE OF EXEMPT PROPERTY—CLAIM OF EXEMPTIONS—SALE WITHOUT APPRAISEMENT. An execution plaintiff and the officer executing the writ, who ignore a claim for exemptions and proceed to sell without an appraisement, should respond in damages for the conversion of plaintiff's exempt property, seized and sold under an attachment issued on the theory that plaintiff was a nonresident; and a verdict for plaintiff will not be disturbed where there was sufficient evidence to justify the jury in finding that the plaintiff was a resident householder, that the property came within the classification of exempt property, and that claim to the exemption was duly made under Bal. Code, § 5255, prior to the sale.

DAMAGES FOR CONVERSION—VALUE OF GOODS—VERDICT WHEN NOT EXCESSIVE. A verdict for $479.90 for damages for the wrongful attachment and sale of exempt property will not be disturbed as excessive when the evidence is conflicting and the plaintiff testifies that it was of that value.

SAME—GOODS PURCHASED ON THE INSTALMENT PLAN—MEASURE OF DAMAGES. The purchaser of goods on the instalment plan (the title remaining in the vender) may recover the full value for their conversion, when the contract contains an unqualified agreement to pay the price.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered January 21, 1903, upon

[1]Reported in 74 Pac. 480.

a verdict of a jury rendered in favor of the plaintiff for $479 damages for conversion. Affirmed.

*J. C. Cross,* for appellant. It was error to permit the attorney to represent an adverse interest after his previous employment. *Bowers v. Bowers,* 29 Gratt. (Va.) 697; *Weidekind v. Tuolumne County Water Co.,* 74 Cal. 386; 19 Pac. 173, 5 Am. St. 445. The judgment and sale in the attachment case was conclusive upon the defendant in a collateral proceeding as to the validity of the judgment, attachment, and sale. *Melhop v. Doane,* 31 Iowa 397, 7 Am. Rep. 147; *National Bank etc. v. Peters,* 51 Kan. 62, 32 Pac. 637; *Cooper v. Reynolds,* 10 Wall. 308, 19 L. Ed. 931; *Brown v. Tucker,* 7 Colo. 30, 1 Pac. 221; *Anderson v. Goff,* 72 Cal. 65, 13 Pac. 73; 1 Am. St. 34.

*Shields & Taggart (John C. Hogan* of counsel), for respondent. To the point that an attorney may appear for a party in one transaction and against him in another, they cited: *Musselman v. Barker,* 26 Neb. 737, 42 N. W. 759; *Schall v. Bly,* 43 Mich. 401, 5 N. W. 651; *Price v. Grand Rapids etc. R. Co.,* 18 Ind. 137; *Beer v. Ward,* Jacob 77.

HADLEY, J.—This action was brought by respondent against appellants to recover the value of certain personal property, which, it is alleged, was wrongfully taken and converted by appellants. Other incidental damages are alleged, but at the trial the evidence was restricted to the value of the property. Appellants answered the complaint, setting up the record of certain justice court proceedings, by which the property in question had been attached, and afterwards sold under execution. The process in the justice court was by publication, and the proceedings were waged on the theory that respondent was at the time a nonresident of the state.

Respondent replied and alleged, that she was, at the time of the justice court proceedings and sale thereunder, a resident householder of this state, at the city of Aberdeen; that she was the mother of three minor children dependent upon her for support; that the property converted by appellants consisted wholly of her wearing apparel, private library, family pictures and keepsakes, beds and bedding, not exceeding one for herself and for each member of her family, household goods, utensils, furniture, and fixtures, used, and then in use, by her in her place of residence in the said city of Aberdeen; that, after the seizure of the property and before the execution sale, she delivered to appellant Murphy, the officer holding the execution, an itemized list of all personal property owned by her, as required by § 5255, Bal. Code, which list included by separate items the property in question here, and all of which was by her then claimed as exempt; that the attaching creditor, appellant Becker, did not demand any appraisement of the property, and that appellant Murphy wholly disregarded said claim for exemption, and proceeded to sell the property nevertheless.

At the trial evidence was introduced to the effect that respondent was a resident householder, and that all the property came within the classification of exempt property. The jury returned a verdict for respondent in the sum of $479.90; appellants' motion for new trial was denied; judgment was entered for the amount of the verdict; and this appeal is from the judgment.

It is assigned that the court erred in denying appellants' motion to exclude one of respondent's counsel from participating in the case. An affidavit was submitted in support of the motion, to the effect that John C. Hogan had been employed by appellant Becker as his general coun-

sellor, and that, during such employment, he had advised with him in relation to the collection of the account upon which the justice suit was brought. The affidavit also states that said Hogan prepared certain papers looking to the enforcement of the account, but it neither states that they were papers connected with the suit that was brought in the justice court, nor that said Hogan was in any manner connected with that suit as attorney. It is not alleged that said appellant in any way acted upon the advice of said attorney in the proceedings which were pursued.

The pleadings disclose that J. C. Cross was said appellants' attorney of record in the justice proceedings, and we find nothing before us which shows that said Hogan participated therein, directly or indirectly, either as counsellor or otherwise. Any consultation that may have been had with Hogan related to the collection of a small grocery account of $49.80, the amount for which the attachment suit was brought. But since it is not shown what, if any, facts were disclosed to him which could be used to the prejudice of appellant Becker in this case, we see no good reason for excluding him from participating in its trial. If it had appeared that Hogan was an attorney in the other case, and that it had been conducted in pursuance of his advice, then, doubtless, it would have been proper for the court to require him to withdraw from this one. Furthermore, if it had manifestly appeared that such facts had been disclosed to Hogan in his professional capacity as could now be used by him prejudicially to Becker's rights, even though he might not have been an attorney in the former suit, it is probable that sound legal ethics might have called for his withdrawal here. But that question we do not decide now, since such conditions are not shown by this record. It is true, appellants' counsel argues the

question as if it were so shown, but, for reasons stated above, we do not think so, and we hold that the motion was properly denied.

It is next urged that the evidence was insufficient to justify any verdict against appellants. We think it was sufficient to sustain a verdict under the issues. We do not find it necessary to examine into the regularity of the justice court proceedings as to the insufficiency of process, which respondent contends made the attachment and judgment void. For the determination of the case, the questions of exemption and the amount of the verdict are the only ones necessary to examine.

We think the evidence clearly justified the jury in finding that respondent was at all the times involved a householder of the state, residing at Aberdeen, in Chehalis county, and also that all the property came within the classification of exempt property under the law. It also justified the finding that respondent made timely claim of her right to have the attached property set off as exempt. She duly made her claim by serving upon the officer a list of all her property, the attached property being substantially all, and claimed it as exempt. Both the officer and his coappellant ignored her claim, took none of the steps required in such a case, and proceeded to sell the property as the writ from the justice court directed. In *State ex rel. Hill v. Gardner,* 32 Wash. 550, 73 Pac. 690, this court held that the claim for exempt personal property may be made at any reasonable time before sale. The claim of respondent here was made July 19, prior even to the entry of judgment, which was August 13. The sale did not occur until August 30, following.

In the case cited, the remedy by mandamus was adopted for the return of the property, after the same course as

to claim of exemption had been pursued that respondent followed here. Respondent did not avail herself of that remedy, but she seasonably claimed her exemption, and the case cited is to the point that, since appellant Becker refused to comply with the statutory duty of demanding an appraisement, as provided by § 5255, Bal. Code, it became the duty of appellant Murphy to release the property. Exempt property is not subject to attachment, and no steps of any kind were taken by appellants to test the exemptible character of this property when it was claimed as such. Since the jury must have found it to have been exempt under the law, appellants should respond in damages for its conversion by seizure and sale.

It is next urged that the amount of the verdict is not sustained by the evidence. The evidence was very conflicting as to the value of the property converted. It is stated in appellants' brief that respondent herself really did not testify as to the value, but only said, "As listed it was $479." The record discloses the following in her testimony:

"Q. What was the value of what was taken? A. $479 and perhaps a few cents. Q. That included the piano, stool and cover? A. It did. Q. What was the value of those articles? A. The piano, which was as good as the day I bought it, was worth $250. Q. What was the value of the property exclusive of the piano? A. About $229."

Another witness testified that the property was worth from $400 to $500. The above testimony sustains the amount of the verdict, and we shall not disturb it for mere conflict of evidence.

It is further contended that the amount of the verdict is too great for the following reason. The piano had been purchased by respondent on an instalment contract. By the terms of the written contract, title was retained in the

vendor until the price of $250 was fully paid. Respondent had paid $135 under the contract. Appellants claim that respondent's interest in the piano could not have exceeded the amount she had paid. By reference to the contract, we find that it contains an unqualified agreement upon respondent's part to pay the full sum with interest thereon. Such agreement is enforcible by the vendor, and respondent's interest in the piano, as far as third persons are concerned, therefore, extends to its full value.

We find no reversible error, and the judgment is affirmed.

FULLERTON, C. J., and DUNBAR, ANDERS, and MOUNT, JJ., concur.