### McMURRAY v. FARGO.

(Supreme Court, Appellate Division, Third Department. November 15, 1911.)

1. CARRIERS (§ 222*)—BREACH OF CONTRACT OF SHIPMENT—PERSON ENTITLED TO SUE.

    If an express company agreed to receive horses from plaintiff and re-deliver to him, he can recover for breach of contract by failing to redeliver in the condition received, though he shipped the horses as bailee.

    [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 952; Dec. Dig. § 222.*]

2. CARRIERS (§ 222*)—INJURIES TO ANIMAL—RIGHTS OF BAILEE.

    A bailee, who shipped property by express, could maintain an action against an express company for damages caused by its negligence en route.

    [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 952; Dec. Dig. § 222.*]

Appeal from Trial Term, Washington County.

Action by Herbert McMurray against William C. Fargo, as treasurer of the National Express Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Bratt & Van Wormer, for appellant.
Jenkins, Kellogg & Barker, for respondent.

SMITH, P. J. This complaint was dismissed as not stating a cause of action. After alleging the character of the defendant in paragraph 3, it is alleged:

"That said plaintiff, on or about the 21st day of February, 1910, delivered to the defendant, its agent or servants, 23 horses, in first-class condition, sound and valuable, at Buffalo, N. Y., under an agreement, made by plaintiff with defendant, where defendant agreed to receive from plaintiff as owner, or agent of the owner, the said horses, and forward and deliver them to the plaintiff at Ft. Edward, N. Y., in consideration of the sum of $160 to be paid by the plaintiff."

The complaint further alleges that, by reason of negligence in the forwarding of the said horses, three of them died and others were injured, to plaintiff's damage $1,000.

[1, 2] It does not seem to me material whether the action be deemed one in contract or in tort. If in contract, the plaintiff clearly has a right of action, because the contract was to deliver to the plaintiff. If in tort, it is immaterial whether the plaintiff is owner or agent of the owner. He was in possession of the property. The defendant

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

took the property from him. If not the owner, he was clearly the bailee, and as such has the right to maintain this action. In 5 Cyc. p. 210, it is stated:

"It has been held uniformly that the bailee has a right to action against a third party who by his negligence causes the loss of or any injury to the bailed article."

Numerous cases are cited to this proposition, including several New York state cases. The complaint, therefore, stated a good cause of action, and it is unnecessary to consider the ruling of the trial judge denying his power to amend the complaint.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.