[No. 13244. Department Two. August 30, 1916.]

JOHN PETERSON, *Respondent*, v. S. W. CHESS, *Appellant*.[1]

SALES—CONDITIONAL SALES — DAMAGES TO PROPERTY — RIGHTS OF VENDEE. The vendee of a motorcycle under a conditional bill of sale has no title and cannot recover for damages to the machine, even to the extent of the purchase price paid, although there was no direct evidence that the contract was forfeited, where it appears that he had no interest at the time his suit was commenced or the time of the trial and the vendors had taken possession after the accident.

APPEAL—REVIEW—PREJUDICIAL ERROR—REMISSION OF DAMAGES. In an action for damages sustained in a collision, error in allowing recovery for damages to a motorcycle not owned by plaintiff cannot be cured by a remission from the verdict, where the evidence as to the amount of such damage was conflicting and there was no way of determining the amount allowed therefor, if any.

APPEAL—REVIEW—VERDICT. A verdict upon conflicting evidence will not be disturbed because it may seem against the greater weight of the evidence.

Appeal from a judgment of the superior court for King county, Ronald, J., entered March 20, 1915, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries and damages to a motorcycle. Reversed.

*J. W. Robinson* and *McCafferty & Robinson*, for appellant.
*Carl J. Smith* and *Milo A. Root*, for respondent.

CHADWICK, J.—This action was brought to recover damages for personal injuries sustained by respondent as the result of a collision between respondent's motorcycle and ap-

[1]Reported in 159 Pac. 894.

pellant's automobile. From a verdict and judgment in the sum of $1,500, this appeal is prosecuted.

Among the items of damage claimed by respondent, and which was submitted to the jury, was the sum of $350 for damages to the motorcycle. The testimony discloses that plaintiff held the motorcycle under a conditional bill of sale, that he had agreed to pay the sum of $300, and had actually paid the sum of $132. The question whether respondent could recover upon this item arose at the trial. The court reserved its judgment until the time for instructing the jury.

From the arguments of counsel and the comments of the court, which are a part of the statement of fact, we understand the theory upon which a recovery was permitted to be that respondent, being bound by his promise to pay, and there being no direct evidence that the vendors had declared the contract to be in default or had released respondent, he was entitled to recover as an owner of the property. We have consistently held that one who takes property under a conditional bill of sale is not an owner and has no element of title; that title passes only upon full performance of the conditions precedent to which he has subscribed. *Winton Motor Carriage Co. v. Broadway Automobile Co.*, 65 Wash. 650, 118 Pac. 817, 37 L. R. A. (N. S.) 71; *Duarte v. Minnick*, 85 Wash. 539, 148 Pac. 600.

There is no direct testimony that the vendors had forfeited the contract, but it is abundantly shown that respondent had no interest in the motorcycle at the time the suit was begun, or at the time of the trial. He did not claim to have possession, or to have been called upon to meet payments deferred or delinquent, at the time of the accident. The contract was subject to forfeiture, and one of the vendors testified that, after the accident, the owners took possession of the motorcycle and sold parts from it. Under the testimony, the loss of the motorcycle is the loss of the vendors and not of the vendee.

Neither can we agree with counsel that respondent is entitled to recover, in any event, the $132 paid on the purchase price. With the payment of the purchase price, appellant had nothing to do. That sum was lost to respondent when the owners took possession of the machine and treated it as their own. It may be charged to the hazard of his contract, but not to appellant. Respondent relies upon *Messenger v. Murphy*, 33 Wash. 353, 74 Pac. 480, where it was held that the purchaser of goods on the installment plan, the title remaining in the vendor, may recover the full value for their conversion when the contract conveys an unqualified agreement to pay the price. That case involved a controversy between the vendee and a third party, with no evidence of the assertion of the vendor's right to the property. The agreement was still enforceable by the vendor. It was upon this ground that the decision of the court was put. It is not so here. When the vendors, having ownership, reasserted the right of possession under a broken condition for payment, they waived all right to proceed against respondent or to hold him on the contract. *Stewart & Holmes Drug Co. v. Reed*, 74 Wash. 401, 133 Pac. 577; *Thompson Co. v. Murphine*, 79 Wash. 672, 140 Pac. 1073.

Where an improper element of damage is submitted to the jury, the vice may be cured by ordering a remission, if the amount of such damage can be readily calculated with reasonable certainty. *Nickelson v. Cameron Lumber Co.*, 39 Wash. 569, 81 Pac. 1059, and *Hoyt v. Independent Asphalt Paving Co.*, 52 Wash. 672, 101 Pac. 367, are cases where we ordered a remission under penalty of a new trial. In the one case, the amount was determined by a special verdict; in the other, by undisputed testimony. In the case at bar, the testimony as to the value of the motorcycle and the amount of the damage to it is conflicting. We have no means of ascertaining the amount allowed upon this charge, if any. In such cases, the better practice is to call for a retrial.

Other errors are assigned.  We find no merit in the assignments going to instructions given or refused.

It will not be necessary to consider the several charges that the court commented on the testimony.  Nor do we find that respondent was guilty of contributory negligence as a matter of law.  While it may seem to us that contributory negligence was proven by the greater weight of the testimony, there was some testimony which, if believed by the jury, would sustain a verdict.  The weight of the testimony is for the jury to determine.  To quarrel with it over the weight or preponderance of the evidence would be to usurp its function.

Reversed and remanded for a new trial.

MORRIS, C. J., PARKER, and HOLCOMB, JJ., concur.