[No. 13518.   Department One.   January 24, 1917.]

J. C. STOTTS, *Respondent*, v. PUGET SOUND TRACTION, LIGHT
& POWER COMPANY, *Appellant*.[1]

SALES—CONDITIONAL SALES—BUYER—RIGHTS AS TO TRESPASSERS—
ACTIONS—REAL PARTY IN INTEREST. A vendee in possession under a
conditional sales contract may maintain an action for injuries to
the property, as the "real party in interest," within the meaning of
Rem. Code, § 179, the same as though he were a bailee; especially
in view of the defendant's right to bring in additional parties.

ESTOPPEL—SELLER — CONDITIONAL TITLE — APPEARING AS WITNESS
FOR PARTY. A vendor in a conditional sales contract who testifies on
behalf of the vendee in an action to recover for injuries to the prop-
erty, waives his right to recover for the damages, if any he had.

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS. In an action
for damages to an auto truck struck by a street car, prejudicial
error cannot be predicated upon an instruction that the defendant
must entrust the operation of its cars to men of experience and abil-
ity, where there was no issue thereon; since the jury would not
treat that as an issuable fact.

STREET RAILROADS—COLLISION—DUTIES OF MOTORMAN — INSTRUC-
TIONS. In an action for injuries to an auto truck, struck by a street
car, it is not error to instruct that the motorman must use every
reasonable effort and all means at hand to avoid colliding with an-
other vehicle and to have the car under control so that he may stop
it promptly, when coupled with other instructions to the effect that
he had the right to assume that the auto would get off the track and
was not required to stop until the danger was imminent.

APPEAL—REVIEW—VERDICT. A verdict for damages to an auto
truck, which allowed apparently unreasonable damages for deprecia-
tion, will not be set aside on appeal as excessive where there was
evidence to sustain it and no contradictory evidence.

Appeal from a judgment of the superior court for King
county, Smith, J., entered November 16, 1915, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an action
for damages.   Affirmed.

*James B. Howe* and *A. J. Falknor*, for appellant.

*Spence & Denham*, for respondent.

[1]Reported in 162 Pac. 519.

CHADWICK, J.—Plaintiff sues as the owner of an automobile truck which was damaged in a collision with one of defendant's street cars. The jury found that the accident resulted in consequence of the negligence of the driver of the street car. The verdict is sustained by ample testimony.

The first question to be decided is whether plaintiff has a cause of action. He had bargained for the truck, made some payments, and had given his notes for the balance due. The truck was delivered to him under a conditional sales contract. Plaintiff had possession, under the terms of the contract, at the time of the accident. The action was brought under the authority of *Messenger v. Murphy*, 33 Wash. 353, 74 Pac. 480, wherein it is held that one holding under a conditional sales contract can maintain an action for the conversion of personal property.

Defendant insists that the *Messenger* case is a holding consistent with the general rule that one who has possession of personal property may maintain an action in trover or for conversion under the statute, 38 Cyc. 2046, 2047, 2089, 2090, but that it cannot be held that one who is without any element of title other than possession (*Winton Motor Car Co. v. Broadway Auto Co.*, 65 Wash. 650, 118 Pac. 817, 37 L. R. A. [N. S.] 71), can maintain an action for damages suffered on account of the negligence of a third party; contending, also, that to so hold would do violence to Rem. Code, § 179, which provides that: "Every action shall be prosecuted in the name of the real party in interest, except as is otherwise provided by law;" and §§ 189 and 196, providing for the bringing in of additional parties. It is declared that the rule is as recently announced in *Peterson v. Chess*, 92 Wash. 682, 159 Pac. 894, where we held that the plaintiff, who claimed title under conditional sales contract to the property injured, was not entitled to recover. It is true that the *Messenger* case goes no further than to hold that a holder of personal property under a conditional sales contract can recover in an action for conversion. That case is in accord

with the entire current of authority. When the case of *Peterson v. Chess, supra,* was before the court, the same questions we are now dealing with were considered by the judges, but it occurring that the case might be readily distinguished, we attempted to do so by suggesting the fact that plaintiff's vendor had forfeited the contract and retaken the property. It appearing that the plaintiff had no interest, not even possession or right of possession, we felt no hesitation in passing the *Messenger* case without further discussion. The question is fairly presented in the case at bar and must be decided, for in this case the debt survives and the property is still in the possession of the vendee, the plaintiff.

This court, as previously noted in this opinion, had held that a vendee under a conditional sale has no title, but it does not follow that the law will not define and protect such rights as he may have. To do this, we must first ascertain his real relation to the property. The same question being submitted to the supreme court of Vermont, after a somewhat extended inquiry, it was held:

"Although the vendee may not be strictly a bailee, we think he is properly classed as standing in the position of a bailee, which places the vendor in the position of a bailor. Standing thus, each can maintain all the rights that the law has thus far accorded to them, and their position is fairly well defined." *French v. Osmer,* 67 Vt. 427, 32 Atl. 254.

The right of the vendee, as against third parties, may well be likened to that of a bailee, and we see no reason why the same rules should not apply, especially when we consider the several statutes relied on by defendant.

"The law seems to be well settled that the bailee of personal property may recover compensation for any conversion of or any injury to the article bailed while in his possession . . .

"Where a suit is brought by a bailee against a third person for loss or injury to the subject of the bailment, the former's right to damages is not limited to his special interest in the property, but the general current of authority appears to hold that the bailee is entitled to damages commensurate with

the full value of the property taken or the degree of injury sustained." R. C. L. p. 127, § 49.

See, also, 6 C. J. 1168, § 184.

The theory of the law being that the bailee being bound to restore the property or to answer for its value, the action is maintained for the benefit of the bailor, and bars a subsequent action by him. We think the analogy is complete. While having no element of title, the conditional sales vendee is bound to keep the property secure and to pay its value to the vendor. The quantum of title is the same in the vendor as in the bailor, and the want of title is the same in the vendee as in the bailee. The liability of the trespasser is the same, his only concern being that he shall not be put to the hazard of two recoveries. He is amply protected by the very statutes cited by appellant. Under them, he can bring in the vendor and make him answer to the complaint. Under the code system, every action may be said to be an action on the case. Either party or the court, upon its own motion, has ample power to bring in all available parties.

Moreover, it should not be held that a vendee, under a conditional sale, could not recover under such facts as are disclosed by the record. The reservation of title is for the benefit of the vendor. Like all such reservations, it may be waived. The vendor appeared as a witness in plaintiff's behalf. When he did so, he effectually waived the right to recover for damages to the truck, if any he had. Upon either theory, plaintiff is entitled to maintain his action.

The court instructed the jury that:

"It is the duty of the defendant to operate its cars at all times with reasonable care and caution, *and to entrust the operation of its cars to men of such experience and ability as are able to handle the cars at all times in a prudent and careful manner.*"

The italicized words are criticized, for, as it is asserted, there was no issue tendered or framed as to the experience or ability of the motorman. It is true that there was no issue

and no evidence from which the inexperience or inability of the motorman could be inferred. If delinquent, the motorman was either careless or negligent. Whether the motorman was experienced was referred to only incidentally, and then at the solicitation of counsel for defendant, who questioned him when on the stand as to experience, etc. Although an entirely unnecessary and inopportune statement of the law, the charge of the court was, after all, a declaration of no more than what all men know. We are unwilling to believe that the jury would treat the experience of the motorman as an issuable fact.

The court also instructed the jury as follows:

"It is the duty of the operator of a street car to use every reasonable effort, with all the means at hand, to avoid running into or colliding with another vehicle, and it is the duty of such operator, if he has time so to do, to have the car in such control that he may stop it promptly upon the appearance of danger."

It is complained that this instruction puts too great a burden upon the motorman. Standing alone, the instruction might well be criticized. It were better if the court had embraced within one instruction the rule as we have declared it to be in *Duteau v. Seattle Electric Co.*, 45 Wash. 418, 88 Pac. 755; *Pantages v. Seattle Electric Co.*, 55 Wash. 453, 104 Pac. 629. However, in other instructions, the jury were told that the motorman had a right to assume that the driver of the truck would get off the track, and that he was not required to stop his car until the danger became imminent. As qualified by subsequent instructions, we think the instruction complained of was not prejudicial.

The jury returned a verdict for $810.91—$187.16 for repairs, $423.75 for depreciation, and $200 for replacement of the car during a reasonable time for survey and repairs. The court reduced the finding of $200 for time lost for replacement and repairs to $75, and entered judgment for the balance of the verdict. The item allowed for depreciation is

the only item complained of.   While the verdict seems un-
reasonable, there is testimony to sustain it, and defendant
has not called our attention to any contradictory evidence.

The judgment is affirmed.

ELLIS, C. J., MAIN, and MOUNT, JJ., concur.