[No. 3005.   Sept. 20, 1926.]

YRISARRI v. CLIFFORD.

[249 Pac. 1011.]

### SYLLABUS BY THE COURT

As against a stranger and wrongdoer, a bailee, gratuitous or otherwise, may sue and recover the entire damages done to personal property in his possession, and such an action or recovery bars a subsequent action by the bailor.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by Edward Yrisarri against Louis Clifford. From a judgment of dismissal, plaintiff appeals. Reversed, with directions for a new trial.

T. J. Mabry, of Albuquerque, for appellant.

E. W. Dobson, of Albuquerque, for appellee.

### OPINION OF THE COURT

BICKLEY, J.   Suit by one assumed to be a gratuitous bailee of an automobile for damages to the said automobile alleged to have been negligently caused by defendant in a collision. Plaintiff was "then and there

[1] 6CJ p. 1149 n. 43, 44; p. 1166 n. 86, 87, 88; p. 1168 n. 27, 31; 34CJ p. 851 n. 3.

controlling, driving, and operating'' the bailed auto-mobile. At the close of the case, the court on motion of the defendant, dismissed the complaint on the theory that the plaintiff could not maintain the suit regardless of who was to blame for the collision. If a gratuitous bailee may maintain an action for injuries by a stranger and wrongdoer to the article bailed while in his posses-sion, the judgment must be reversed. The allegations of the complaint were sufficient to show the connec-tion of the plaintiff (bailee) with the article of which he was not the owner. See 6 C. J. "Bailments," § 181, and Mizner v. Frazier, 40 Mich. 592, 29 Am. Rep, 562, holding that an allegation that a carriage injured was then and there lawfully used and driven by plaintiff was sufficient in the absence of a demurrer. Nor do we think the allegations of the complaint that plaintiff, at the time of the collision, "was then and there con-trolling, driving, and operating" said automobile was an allegation of general ownership; consequently there was no variance between the allegations and proof.

The law seems to be well settled that the bailee of personal property may recover compensation for an in-jury to the article bailed while in his possession. See 3 R. C. L. "Bailments," § 49.

"There are some authorities, mostly of an early date, which seem to consider it as at least questionable whether a mere naked bailment, for safe-keeping, gives the bailee such a right as to enable him to maintain an action, in case the goods are taken from him. Courts supporting such a view proceed on the theory that a merely gratuitous bailee has no property right, either general or special, in the chattels taken that can be the basis for a suit. It now seems, however, to be well settled ·that, as against a mere stranger or wrongdoer who can show no better right, bare possession is sufficient to maintain trespass for an injury to, or the taking of, a chattel, and that, therefore, a naked or merely gratuitous bailee, from whose actual and ex-clusive possession a chattel is wrongfully taken, may re-cover in his own name, the same as any other kind of bailee." 3 R. C. L. "Bailments," § 50.

The nature of the bailee's right to sue is thus ex-plained in Lawson on Bailments, p. 34:

"He who has the title to a chattel has what is known in the law as the general property. The bailee not having the title, nevertheless has, in addition to the possession of the chattel, a special, limited or qualified property in it which gives him a right of action against any one, whether the bailor or a stranger, interfering with his possession or doing damage to the bailed article. He is, in a certain sense the agent of the bailor, charged with the execution of a trust connected with the custody of the property delivered to him; and in this capacity he is clothed with the rights necessary to the fulfillment of his duties under the trust."

In the case of Stotts v. Puget Sound Traction L. & P. Co., 94 Wash. 339, 162 P. 519, L. R. A. 1917D, 214, the court had under consideration the right of a conditional vendee to sue, and said:

"The right of the vendee, as against third parties, may well be likened to that of a bailee, and we see no reason why the same rules should not apply, especially when we consider the several statutes relied on by defendant. 'The law seems to be well settled that the bailee of personal property may recover compensation for any conversion of or any injury to the article bailed while in his possession. * * * Where a suit is brought by a bailee against a third person for loss or injury to the subject of the bailment, the former's right to damages is not limited to his special interest in the property, but the general current of authority appears to hold that the bailee is entitled to damages commensurate with the full value of the property taken or the degree of injury sustained.' 3 R. C. L. § 49, p. 127; 6 C. J. 1168, § 184.

"The theory of the law being that the bailee being bound to restore the property or to answer for its value, the action is maintained for the benefit of the bailor, and bars a subsequent action by him."

In Little v. Fossett, 34 Me. 545, 56 Am. Dec. 671, the court decided that the bailee may recover compensation for any conversion of or injury to the property bailed while in his possession. The court cited authorities dealing with gratuitous bailments and held that, if the suit were against a stranger, he was entitled to recover the value of the property, holding the balance beyond his own interest, **in trust for the general owner.**

In a note to Union Pacific R. R. Co. v. Meyer, 76 Nebr. 549, 107 N. W. 793, 14 Ann. Cas. 634, the note

writer, discussing the right. of a bailee to recover for injury to property, says:

"The decisions are unanimous in holding that a bailee in possession of personal property may recover for injuries to or the loss of such property caused by the acts of persons other than the owner."

An examination of the note disclosses that in many of the cases cited the plaintiffs were gratuitous bailees. For later cases, see note to Central R. R. of N. J. v. Bayway Refining Co., Ann. Cas. 1912B, 77.

In a later case (Herries v. Bell, 220 Mass. 243, 107 N. E. 944, Ann. Cas. 1917A423) it was decided that:

"Where plaintiff, with consent of his wife, had possession of her dog, and defendant enticed the dog away and detained it under a claim of ownership, plaintiff could sue for conversion."

In 6 C. J. "Bailments," § 172, it is said:

"The bailor and the bailee both having an interest in the property, the same act of a third party may entitle either the bailor or the bailee to sue; but a recovery by either party of the entire damages to the property will be a full satisfaction and a bar to any subsequent suit by the other."

In the notes to the above text, cases are cited affirming that the bailee may maintain his action by virtue of his possession and that possession of the bailee is sufficient title as against a wrongdoer.

In Walsh v. U. S. Tent & Awning Co., 153 Ill. App. 231, the court decided that a bailee may sue and recover the entire damages done to personal property in his possession. The court said:

"A bailee, having a special property, may recover the whole value of the property, holding the value beyond his own interest in trust for the general owner, and the judgment recovered by the bailee may be pleaded in bar to any action that might be afterwards brought by the general owner for the same property"—citing 2 Hilliard on Torts, 571; Sedgw. on Dam. 569, and cases.

In Gross v. Saratoga European Hotel & R. Co., 176 Ill. App. 160, it was decided that:

"A guest of a hotel who had possession as bailee, gratuitous or otherwise, of articles that he properly entrusted to hotel keeper, is entitled to maintain an action for their value.

"Where an innkeeper loses articles entrusted to his care by a guest, a bailee, the guest is not restricted to the recovery of the value of his special interest in the property, but can recover the whole value and will hold the amount so recovered in excess of his own interest for the general owner."

The foregoing authorities should serve to allay the apprehension of the appellee that he might be required to also respond in an action brought by Mrs. Yrisarri, the owner of the car, as well as being an answer to other of his contentions.

Were the judge who tried the case now the judge of the court from which the appeal was taken, it would only be necesary to remand the case with directions to proceed to a decision on the merits. The trial judge, however, having been succeeded by another, it is necessary that the judgment be reversed, with directions for a new trial; and it is so ordered.

PARKER, C. J., and WATSON, J., concur.