[Civil No. 2968. Filed March 2, 1931.]

[296 Pac. 269.]

PICKWICK STAGES CORPORATION, a Corporation, Appellant, v. ISIDRO GIL and MARY GIL, His Wife, Appellees.

Messrs. Armstrong, Lewis & Kramer, for Appellant.

Mr. Albert D. Leyhe and Mr. E. G. Frazier, for Appellees.

ROSS, J.—This action in tort was commenced by Isidro and Mary Gil, husband and wife, to collect from the Pickwick Stages Corporation damages to their Nash sedan automobile, caused by collision with one of the latter's stagecoaches on the public highway between Tempe and Mesa in Maricopa county, on July 13, 1929. The answer was a general denial.

The trial resulted in a verdict and judgment in favor of the plaintiffs and the defendant appeals.

The plaintiffs, or rather the wife Mary, on October 6, 1928, bought the Nash sedan of the Broad Street Garage, of Globe, Arizona, agreeing to pay therefor $1,364.84 as follows: $395.00 cash and the balance of $969.84 in eighteen equal monthly installments of $53.86 each, beginning November 7, 1928. The contract of sale was a conditional one, that is, the title of the Nash was not to pass until all of the deferred payments were paid to the C. I. T. Corporation, of San Francisco, to which the seller, on the date of sale and in the same instrument, assigned the contract. At the time of the accident plaintiffs had paid on the purchase price $879.74, leaving a balance due the C. I. T. Corporation of $485.10. The payments were made up to and including the month of July, 1929. What the plaintiffs owed at the time of the accident was not due, the next payment falling due August 7th. After the collision and damage to the automobile, the plaintiffs caused it to be moved to the Bankhead Garage in Mesa for storage, where it remained until the latter part of September, when it was by the C. I. T. Corporation taken to Phoenix and there repaired at a cost of $191. Plaintiffs made no further payments after the accident and, other than sending the automobile to the Bankhead Garage in Mesa, exercised no authority or control over it thereafter. The C. I. T. Corporation sold the automobile in October. The present suit was instituted on August 3, 1929, at which time plaintiffs were not behind in their payments.

The defendant's contention at the trial, and here, is that plaintiffs abandoned the car after the accident and in doing so lost all right to claim damages against defendant for its injury.

At the time of the collision plaintiffs were in possession of the car and under their contract to purchase were rightfully in such possession, having made all payments as they became due. Neither the seller nor the seller's assignee had a right to the car or its possession at that time. It is true that the title to the car was in the C. I. T. Corporation and not in plaintiffs, but the latter's right to its possession, even though without title, was superior to the seller's, and this situation continued until the August payment became delinquent. If the plaintiffs' rights in the car at the time of the accident were superior to those of the seller, what may be said of their rights as against a third party, who had tortiously injured it? Surely they are not without remedy simply because the legal title is in someone else. We think their relation to the automobile may very properly be likened to that of a bailee, and that of the C. I. T. Corporation to that of a bailor. *French* v. *Osmer*, 67 Vt. 427, 32 Atl. 254. Upon this assumption in *Stotts* v. *Puget Sound Traction, Light & Power Co.*, 94 Wash. 339, L. R. A. 1917D 214, 162 Pac. 519, the court determined the rights of a vendee as follows:

"The right of the vendee, as against third parties, may well be likened to that of a bailee, and we see no reason why the same rules should not apply, especially when we consider the several statutes relied on by defendant. 'The law seems to be well settled that the bailee of personal property may recover compensation for any conversion of or any injury to the article bailed while in his possession. . . . ' 'Where a suit is brought by a bailee against a third person for loss or injury to the subject of the bailment, the former's right to damages is not limited to his special interest in the property, but the general current of authority appears to hold that the bailee is entitled to damages commensurate with the full value of the property taken or the degree of injury sustained.' 3 R. C. L., § 49, p. 127; 6 C. J. 1168, § 184.

"The theory of the law being that the bailee being bound to restore the property or to answer for its value, the action is maintained for the benefit of the bailor, and bars a subsequent action by him. We think the analogy is complete. While having no element of title, the conditional sales vendee is bound to keep the property secure, and to pay its value to the vendor. The *quantum* of title is the same in the vendor as in the bailor, and the want of title is the same in the vendee as in the bailee. The liability of the trespasser is the same, his only concern being that he shall not be put to the hazard of two recoveries. He is amply protected by the very statutes cited by appellant. Under them he can bring in the vendor and make him answer to the complaint. Under the Code system, every action may be said to be an action on the case. Either party or the court, upon its own motion, has ample power to bring in all available parties."

It seems to us the above solution of the rights of a conditional sales vendee, as against third persons who have negligently damaged the property, is sound and logical. The results are certainly just and fair. Under such rule the rights of all parties are protected.

The failure of plaintiffs to make further payments after the accident is not a matter that concerns defendant. Such delinquency is important only in the adjustments between plaintiffs and the seller or its assignee. The case of *Peterson* v. *Chess,* 92 Wash. 682, 159 Pac. 894, relied upon by defendant, is not in point. In that case the buyer of the damaged motorcycle did not have either the possession or the right of possession at the time he brought suit for damages thereto. Besides, while the court in *Stotts* v. *Puget Sound Traction, Light & Power Co., supra,* did not in terms overrule that case, we think it did so in effect. Even if it be granted that the plaintiffs, after they had towed the car to Mesa and stored it,

abandoned it, that is a matter of which defendant may not complain.

Lastly, defendant contends the verdict of the jury was not supported by the evidence but was contrary thereto. Under this assignment it is argued that the evidence showed that the accident in which plaintiffs' automobile was damaged was due to plaintiffs' own negligence. An examination of the evidence shows that on this point it is in sharp conflict. In such circumstances, the rule uniformly followed is that the verdict of the jury is binding upon this court.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.