[No. 23471. Department Two. March 11, 1932.]

H. M. HELF, *Respondent*, v. HANSEN & KELLER TRUCK COMPANY *et al.*, *Appellants.*[1]

*Pearson & Potts,* for appellants.

*J. W. Graham,* for respondent.

MAIN, J.—This action was brought to recover damages to an automobile. The cause was tried to the

[1]Reported in 9 P. (2d) 110.

court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of $850. The defendants moved for judgment notwithstanding the verdict, and, in the alternative, for a new trial, both of which motions were overruled. Judgment was entered upon the verdict, from which they appeal.

The facts supported by the testimony offered by the respondent may be summarized as follows: During the year 1930, the city of Tacoma was constructing a dam at Lake Cushman, in Mason county, to be used in connection with its electric power and light project. From a point on the Olympic highway, about three miles distant from the dam, the city had constructed a gravel roadway, eighteen or twenty feet wide, for the use of those having reason to go to the project. Over the road was hauled material for the construction of the dam, including sand and gravel.

The appellant Hansen & Keller Truck Company, a corporation, operated a number of trucks in hauling material over the highway to the dam, and the appellant Barney Eastlick was the driver of one of its trucks. The highway was used both day and night, and the traffic upon it was heavy. The respondent was employed at the dam in some capacity.

On the evening of November 15, 1930, one of the appellant's trucks, driven by Eastlick, was proceeding upon the highway to the dam with a load of sand, and at a point in the highway the truck was stopped because of lack of supply of gas. After stopping, the truck stood in the middle of the highway with no lights on at either the rear or in the front. Some distance behind the truck, the respondent, in a Hudson sedan driven by himself, was going to the dam to go to work. At the time, "it was misty, slightly raining." The color of the truck was gray, which made it "difficult to distinguish an object of that kind on the highway

due to the color.'' The headlights of the Hudson sedan were on, and the respondent testified:

"Q. How did you have them on? A. What is known as the fog light. Q. Tilted down? A. Yes. Q. And with them tilted down, how far could you see ahead? A. I could make no estimation of how far the light showed ahead. It would be just a guess proposition. Q. What is your estimate? A. I don't know. I suppose it would show around maybe 20 feet.''

The respondent was traveling at a speed of about twenty-five miles per hour. As he approached the truck standing in the middle of the road, he did not see it until he was within about twelve feet of it, when he attempted to turn to the left to avoid it, but the right side of the automobile collided with the truck, and the automobile was badly damaged. The windshield swipe of the automobile was operating at the time. The respondent testified that, at the speed he was going, he could stop within a distance of about forty feet.

Some months previously, the respondent had purchased the automobile on contract. Subsequent to the time of the accident and the beginning of the action, the Pacific Finance Company, the owner of the contract, repossessed the automobile, placed it in a garage, and later shipped it to Portland, where the company had an office. At the time of the accident and the bringing of the suit, no payment upon the contract was delinquent, but subsequent to the accident and the bringing of the suit, the payments became delinquent.

As already indicated, the facts stated are those supported by the evidence offered by the respondent. The evidence offered by the appellants is in conflict with that offered by the respondent in many, if not all of the material particulars. The case having been tried to a jury, we are not concerned with the weighing of this conflicting evidence.

The first question is whether the respondent

had a right to maintain the action, in view of the fact that, subsequent to the accident and the institution of the action, the automobile had been repossessed by the finance company. In *Messenger v. Murphy,* 33 Wash. 353, 74 Pac. 480, it was held that the purchaser of goods on the instalment plan, the title remaining in the vendor, could recover the value of the property which had been converted, since the contract contained an unqualified agreement to pay the purchase price. In *Stotts v. Puget Sound Tr. L. & P. Co.,* 94 Wash. 339, 162 Pac. 519, L. R. A. 1917D 214, it was held that the right of the vendee under a conditional sales contract, as against third parties,

" . . . may well be likened to that of a bailee, and we see no reason why the same rules should not apply, especially when we consider the several statutes relied on by defendant."

In the case of *Burnett v. Edw. J. Dunnigan, Incorporated,* 165 Wash. 164, 4 P. (2d) 829, which was an action for the conversion of an automobile, the majority of the court were of the view that the vendee under a conditional sales contract had a right to maintain the action, which was in good standing at the time of the conversion and at the time of the bringing of the action, even though the contract should be forfeited subsequently for failure to make payments.

We have not overlooked the case of *Peterson v. Chess,* 92 Wash. 682, 159 Pac. 894, where it was held that the vendee of a motorcycle under a conditional sales contract could not recover for damages to the machine where it appeared that he had no interest therein at the time the action was commenced or at the time of the trial, the vendors having taken possession after the accident. But the rule of that case was abrogated by the case of *Stotts v. Puget Sound Tr. L. & P. Co., supra,* holding that the rights of a vendee

under a conditional sales contract are the same as those of a bailee of personal property, and the case of *Burnett v. Edw. J. Dunnigan, Inc., supra,* to the effect that the vendee of an automobile under a conditional sales contract may maintain an action for its conversion even though, subsequent to the conversion and the institution of the action, the automobile had been repossessed by the vendor.

The respondent had a right to maintain the action even though, subsequent to its institution, the finance company repossessed the automobile and forfeited the contract. There is no controversy here over the amount of a recovery, and consequently no consideration will be given to the question as to what the rule may be as to the extent of the recovery that may be had in such a case.

The next question is whether the respondent was guilty of contributory negligence as a matter of law. Without restating the facts, it may be said that we are of the opinion that, under the facts above stated, supported by the testimony offered by the respondent, it cannot be held, as a matter of law, that the respondent was guilty of contributory negligence in proceeding at a speed of twenty-five miles an hour, driving by aid of the fog lights, as the conditions were at the time. The question was one of fact for the jury.

Complaint is also made against a number of instructions given by the trial court to the jury, and the refusal of the court to give a number of requested instructions. Special attention is directed to instruction No. 11, to which the appellants here make a number of objections; but in the exception to this instruction none of these objections is pointed out. The exception was general, and did not meet the requirements of Rule of Practice VI, adopted by this court January

14, 1927 (159 Wash. lxi)', which requires the exception to be sufficiently specific to apprise the court of the points of law or questions of fact in dispute. The exception not having met the requirement of the rule, the question of the correctness of the instruction is not here for review. *Kelley v. Cohen,* 152 Wash. 1, 277 Pac. 74; *Davis v. North Coast Transportation Co.,* 160 Wash. 576, 295 Pac. 921.

It may be said, however, that, in our opinion, the objections urged against the instruction are not well founded, if it be assumed that the question is before us properly.

Objection is also made to an instruction in which the court submitted to the jury the question of whether the automobile had been repossessed, and stated that if it had, the respondent would have no right to maintain the action. That instruction was more favorable to the appellants than the law authorized, and consequently they were not prejudiced thereby. From what has been above said, the court could have instructed the jury that, even though the automobile had been repossessed and the contract forfeited subsequent to the institution of the action, this would not defeat a recovery of such damages as the respondent might have sustained.

The other objections to the instructions given have been considered, but do not appear to us to have any substantial merit. As to the instructions requested and refused, in so far as it would have been proper for the court to give them in the form requested, they were covered by the instructions given, and there was no error in the failure of the court to give any of the requests.

The judgment will be affirmed.

Tolman, C. J., Millard, Holcomb, and Beals, JJ., concur.