[No. 23475. Department One. March 24, 1932.]

GEORGE DEMIR, *Respondent*, v. FRED SORENSON *et al.,* *Appellants.*[1]

*John I. O'Phelan,* for appellants.
*Welsh & Welsh,* for respondent.

TOLMAN, C. J.—Appellant Sorenson, being the owner of certain real property in the city of Raymond, by

[1]Reported in 9 P. (2d) 383.

written lease demised the property to the respondent for a period of five years, beginning April 1, 1927.

In December, 1930, Sorenson instituted an action in unlawful detainer against the respondent, as lessee, based upon non-payment of rent. The action proceeded to trial on the merits, resulting in a judgment in favor of Sorenson for $132.32 and costs. The judgment was signed by the trial judge on February 9, 1931, in the absence of the attorneys in the cause. A copy was mailed to the attorneys for each party, and the judgment was actually filed in the office of the clerk on February 14, 1931. The judgment in its terms followed strictly the provisions of the statute, Rem. Comp. Stat., § 827, and in addition to fixing the amount due, it also directed the forfeiture of the lease and the restitution of the premises.

The latter part of the section of the statute to which we have referred provides:

"When the proceeding is for an unlawful detainer after default in the payment of rent, and the lease or agreement under which the rent is payable has not by its terms expired, execution upon the judgment shall not be issued until the expiration of five days after the entry of the judgment, within which time the tenant or any sub-tenant, or any mortgagee of the term or other party interested in its continuance, may pay into court for the landlord the amount of the judgment and costs, and thereupon the judgment shall be satisfied and the tenant restored to his estate; but if payment, as herein provided, be not made within five days, the judgment may be enforced for its full amount and for the possession of the premises."

This provision of the statute was seemingly overlooked, and on February 14, the day the judgment was entered, the judgment creditor caused execution to issue, placed the same immediately in the hands of the

sheriff, and the sheriff made demand. The full amount called for by the execution was paid to the sheriff on February 16 following, but notwithstanding that payment, the sheriff forthwith, on the same day, demanded possession of the real property, obtained the key, and later in the day ordered the respondent from the premises; permitting him to take only the money from the cash register and his personal belongings; the sheriff thereupon taking possession of all of the stock of merchandise, supplies, fixtures, furniture, and like property used by the respondent in conducting a restaurant business in the premises.

This suit was thereupon brought to recover, not the value of the leasehold, nor damages for the interruption to the business, but only to recover the value of the personal property which it was alleged was then converted.

The cause was tried to a jury, and a verdict was returned against both appellants in the sum of $1,850. On the hearing of the motion for a new trial, the plaintiff was given an opportunity to accept a reduction to the extent of two hundred dollars, and having so elected, judgment was rendered against both defendants in the sum of $1,650 and costs; from which judgment they have appealed.

The appellants seem to contend that the judgment in the forcible detainer case was entered on February 9, when it was signed by the judge, and both parties devote considerable argument to that point. As we see it, that question is not now before us. The judgment was in fact paid on February 16, and after the payment, the sheriff, by direction of Sorenson, as now found by the jury, proceeded to take possession of, and convert, respondent's property. If there was a wrongful issuance of the execution, nothing was done under it which is here complained of. The execution,

whether valid or invalid, was satisfied (and the judgment with it) by the payment. What was done after the payment was not done by virtue of the execution or by virtue of the judgment, and can not be justified by what had ceased legally to exist.

■ The second point argued is that the trial court refused to permit evidence to be introduced in mitigation of damages tending to show chattel mortgage indebtedness, amounts owing on conditional sales contracts, and merchandise indebtedness owing by the respondent.

We have recently reviewed prior decisions affecting this question in the case of *Helf v. Hansen & Keller Truck Co.*, filed March 11, 1932, *ante* p. 206, 9 P. (2d) 110, and on the authority of that case, we may rest our holding that there was no error in the ruling complained of; the more so that, in this action, respondent seeks only to recover the value of the property taken, and does not ask for damages for interference with his business.

We have carefully considered the errors assigned upon the instructions given to the jury, but are unable to find any prejudicial error therein. What has already been said disposes, in considerable part, of what is thought to be error in instructing the jury. To set out all the other instructions complained of and to discuss in detail the questions raised, would, we think, serve no good purpose, and would too greatly extend this opinion.

■ The respondent filed a supplemental abstract, which details extensively the evidence submitted to the jury. It goes far beyond what is now necessary. Appellants' abstract, while scant, is yet reasonably sufficient for the presentation of the points raised, and therefore respondent will not recover costs for his supplemental abstract.

Finding no prejudicial error, the judgment is affirmed.

PARKER, MITCHELL, BEELER, and HERMAN, JJ., concur.